**In re George E. DAVIS and Donna M. Davis, his wife, Debtors.**

**George E. DAVIS and Donna M. Davis, his wife, Plaintiffs,**

v.

**Jerry BRIGHT, d/b/a Jerry's Produce, Defendant.**

Bankruptcy No. 82–00952–BKC–SMW.
Adv. No. 82–0733–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Sept. 13, 1982.

Reggie David Sanger, Fort Lauderdale, for plaintiff.

Keith M. Krasnove, Margate, for defendant.

MEMORANDUM OPINION

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court upon the Debtors' complaint for the determination of the validity, priority, and extent of judicial lien on the debtors' homestead. The complaint was duly served upon the Defendant pursuant to Bankruptcy Rule 704 along with the summons and notice of trial by certified mail return receipt signed by the Defendant.

The Defendant duly filed an answer and affirmative defense in the cause but did not attend the trial in this cause, notwithstanding the fact that the trial date and time was specified in the summons and notice of trial.

The Plaintiffs proceeded to trial and with the Court having heard the testimony and examined the evidence presented, having observed the candor and the demeanor of the witnesses, having considered the argument of counsel, and being otherwise fully advised in the premises the Court makes the following findings:

The Debtor purchased the home located at 8282 N.W. 3rd Place, Coral Springs, Florida 33065 legally described below on December 14, 1979.

Lot 8, Block B, SHADOW WOOD, according to the Plat thereof, recorded in Plat Book 80, Page 38, of the Public Records of Broward County, Florida.

At the time of the purchase the Debtors moved onto the property and have continuously resided there with their minor child. The Debtors have declared this property

---

**59.** *Northern Pipeline, supra,* J. Brennan, —— U.S. at ——, 102 S.Ct. at 2880, 9 B.C.D. at 86.

their homestead with the tax appraiser of Broward County Florida since December 1979 and they have enjoyed the homestead tax exemption status in this property since then. The Debtors have been living together and George E. Davis has been the head of this household during this period and is presently employed with Stuckey's.

The Debtors claimed the above property exempt under Article X Section 4 of the Florida Constitution in their bankruptcy schedules filed with the Court on May 26, 1982. The Order of First Meeting of Creditor was directed to all creditors including the Defendant and advised all parties that if there were any objections to the claimed exemptions of the Debtors, the objections must be filed before the Court within 15 day of the June 25, 1982. There were no objections to the claimed homestead exemption of the above property by either the Defendant or any other interested party.

Thus, the Court concludes that the real property legally described above is the Debtor's homestead under Article X Section 4 of the Florida Constitution and has been continuously so since December 14, 1979 to date. As the Debtor's homestead the Debtors seek to avoid the judgment lien of the Defendant in the sum of $19,383.80 recovered in the case styled Jerry Bright, d/b/a Jerry's Produce v. George Davis and Donna Davis his wife, filed in the Circuit Court In and For Dade County, Florida Case No: 81–18298 CA–16. This liability has been discharged by the Court on September 8, 1982.

Under Section 522(f)(1) of the Bankruptcy Code the Debtors may avoid the fixing of a lien on an interest of the Debtors in property to the extent that such lien impairs the exemption to which the Debtors would have been entitled if such lien is a judicial lien. Here the Defendant's judicial lien by virtue of his recording of the final judgment in the above described cause dated January 18, 1982 does impair the homestead exemption of the Debtor as defined under the Article X Section 4 of the Florida Constitution, and may be avoided.

In Summary, the Court holds that the marital residence of the Debtors George E. Davis and Donna M. Davis legally described as follows:

Lot 8, Block B, SHADOW WOOD, according to the Plat thereof, recorded in Plat Book 80, Page 38, of the Public Records of Broward County, Florida a/k/a 8282 N.W. 3rd Place Coral Springs, Florida

is their homestead under Article X Section 4 of the Florida Constitution since December 14, 1979 through this September 8, 1982 and the judgment recovered by the Defendant Jerry Bright a/k/a Jerry's Produce against the Debtors in Case No: 81–18298 CA–16 in the Circuit Court in and for Dade County Florida is avoided pursuant to 11 U.S.C. 522(f)(1) and 11 U.S.C. 524 and of no force and effect against the Debtors' interest in the above described property.