**In re Linda Jean PALMQUIST, fka Linda Jean Winfrey, Debtor(s).**

**Linda Jean PALMQUIST, fka Linda Jean Winfrey, Applicant(s),**

**v.**

**David TAFOYA and Mary Tafoya, Respondent(s).**

**Bankruptcy No. 80 B 1637 C.**

United States Bankruptcy Court, D. Colorado.

March 18, 1985.

Edward B. Almon, Denver, Colo., for debtors.

Donald W. Beockus, for respondents.

### ORDER ON DEBTOR'S MOTION TO AVOID LIENS

PATRICIA ANN CLARK, Bankruptcy Judge.

The debtor, Linda Jean Palmquist, filed a motion to avoid the defendants' judgment liens pursuant to 11 U.S.C. § 522(f). The debtor claims that said judgment liens impair an exemption to which the debtor would have been entitled under C.R.S. §§ 38–41–201, 202. A hearing was held on March 4, 1985.

The defendants obtained judgments against the debtor in 1980 and recorded liens against the debtor's interest in her home soon thereafter. David Tafoya's judgment was for $150,300 and Mary Tafoya's was for $32,000. The debtor then filed for protection under Chapter 7 of the Bankruptcy Code and was granted a discharge in June of 1980. Liquidation of the debtor's estate resulted in a distribution of $1,750 to the defendants.

■ On December 11, 1984, this Court granted the debtor's motion to reopen the estate pursuant to Section 350(b) (11 U.S.C. § 350(b)). *See also In re Newton,* 15 B.R. 640 (Bankr.W.D.N.Y.1981). "Though the Court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R.Rep. No. 595, 95th Cong., 2d Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835, 6294. Here, the delay occasioned by the reopening of the case did not result in prejudice to the creditors because the creditors are not being charged for prior distributions. In the absence of any evidence that the creditors changed their position or detrimentally relied upon the debtor's failure to avoid the liens at an earlier date, the debtor's motion is not barred by laches. *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bankr.S.D.Ohio 1982).

The applicable law regarding the avoidance of the defendants' judgment liens is as follows. In 1981, Colorado "opted out" of the federal exemption scheme encompassed in 11 U.S.C. § 522(d). However, since the debtor filed her petition in 1980, the federal exemption scheme, rather than the state scheme, is applicable. Section 522(d)(1) sets forth the federal homestead exemption as follows, "[T]he debtor's aggregate interest, not to exceed $7,500 in value, in real property ... that the debtor uses as a residence...." (11 U.S.C. § 522(d)(1)). It is apparent that the homestead exemption is a personal right of each debtor since Section 522(m) requires the federal exemptions be applied "separately with respect to each debtor." 11 U.S.C. § 522(m). *See In re Edsel Pruitt*, 30 B.R. 330 (D.Colo.1983).

The parties agreed that the value of the debtor's residence at the time of filing was $77,000. Since the first mortgage was $50,000, there remained $27,000 in equity. However, since the debtor is a co-owner of the residence, she is only entitled to one-half of the equity or $13,500.

The debtor is entitled to exempt her homestead interest up to $7,500 pursuant to the aforementioned federal exemption (11 U.S.C. § 522(d)(1)). Consequently, the defendants' lien impairs an exemption, only up to $7,500, to which the debtor would have been entitled. Any of the debtor's equity over and above the $7,500 exemption may not be insulated by Section 522(f). Therefore, the defendants' liens attach to the $6,000 balance of the debtor's equity in the subject property.

ORDERED that the debtor's motion to void the defendants' judicial liens is granted except to the extent of $6,000.