**In the Matter of Carmen Semidey VELAZQUEZ, Debtors.**

**Bankruptcy No. B-85-00182(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 9, 1987.

Alberto O. Lozada Colon, for debtor.

Jose F. Cardona Mayaguez, P.R., for Ojeda.

OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter is before the court on debtor's motion to reopen the instant case pursuant to 11 U.S.C. § 350 in order to avoid a judicial lien entered by the Superior Court of Puerto Rico, Carolina Part, in case number 80-3509. On December 19, 1986 the court held a hearing and both parties, debtor and creditor Rebeca Ojeda, argued on whether the court should reopen the bankruptcy case. The matter was taken under advisement and the parties were allowed five (5) days to file simultaneous post-hearing memoranda. The court after being fully informed and advised makes the following

**138**

## FINDINGS OF FACT

1. On February 21, 1985 the debtor herein filed a petition under chapter 7 of the Bankruptcy Code.

2. On May 20, 1985 creditor Rebeca Ojeda filed a secured claim in the amount of $6,000.00 claiming a judicial lien over certain property of the debtor at Urbanizacion Buenaventura, Guanajibo Ward, Mayaguez, Puerto Rico (Unit number 20,805).

3. On July 10, 1985 the court entered an order discharging the debtor (11 U.S.C. § 523).

4. On October 22, 1985 debtor filed a motion to avoid lien pursuant to 11 U.S.C. § 522(f). The motion was heard on January 9, 1986. The Court ordered debtor-movant to summon creditor Rebeca Ojeda.

5. On April 30, 1986 debtor requested the court the issuance of summons and scheduling of a hearing. The motion was granted by order dated May 5, 1986. However, the summons were never issued by the Clerk.

6. On July 24, 1986 creditor Rebeca Ojeda moved the Superior Court of Puerto Rico for partial execution of judgment.

7. On August 13, 1986 the Superior Court of Puerto Rico, Carolina Part, ordered the execution of partial judgment in favor of Rebeca Ojeda.

8. On September 26, 1986 the Bankruptcy Court entered a final decree closing the bankruptcy case.

9. On December 2, 1986 a public sale was conducted and the subject property was sold to Mr. William Marini Sandoval.

## CONCLUSIONS OF LAW

Pursuant to § 350(b) of Title 11, United States Code, the Bankruptcy Court has discretion to reopen a case. *In Re Sheerin*, 21 B.R. 438, 439 (Bkrtcy App. 1st Cir.1982); *In Re Adams*, 41 B.R. 933, 935 (D.C.Me. 1984); *Collier on Bankruptcy*, 15th Ed.P. 350.03. The Courts have recognized that a case may be reopened to permit lien avoidance. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, (4th Cir.1984); *In Re Palmquist*, 54 B.R. 24 (Bkrtcy 1985); *In Re Ricks*, 62 B.R. 681 (Bkrtcy 1986).

Creditor Rebeca Ojeda has opposed the reopening of this case alleging that she has incurred in costs and fees in seeking lien enforcement, and because debtor's motion is barred by laches.

Creditor Rebeca Ojeda cites the *Hawkins v. Landmark Finance Co., supra*, decision to support its contention that a delay by debtors in seeking to reopen a case is prejudicial to creditors that rely on case being closed to commence state court action. The facts in *Hawkins* are very different from those of the case at bar. In *Hawkins* the debtors did not seek reopening until after eight months, the creditor commenced the state action after the case was closed, and the debtor never challenged the validity of the lien before the case was closed. In this case debtor only waited three months to seek reopening, the creditor had commenced the state court action prior to the filing of the bankruptcy case, and most important of all, debtor filed the motion to avoid a lien prior to closing the case. See also *In Re Ricks, supra*, at 682–683.

Moreover, creditor Rebeca Ojeda moved the Superior Court of Carolina before the case was closed, and thus while the automatic stay under 11 U.S.C. § 362 was still in effect. Therefore, the order entered on August 13, 1986 is voidable. (On December 19, 1986 the Superior Court of Carolina stayed its proceedings upon debtor's motion to reopen the bankruptcy case.)

Laches may constitute a bar to reopening a case under 11 U.S.C. § 350(b). However, under the circumstances of this case, a delay of three months is not unreasonable or too long. Furthermore, since the debtor had filed its motion to avoid the lien prior to the closing of the case, the creditor may not now assert that it relied upon failure of the debtor to so move the court. *In Re Palmquist, supra*.

In view of the foregoing the instant case is hereby reopened pursuant to 11 U.S.C. § 350(b) to allow debtors to avoid the judicial lien.

IT IS SO ORDERED.