**In re David Allen QUACKENBOS and Joan Ann Quakenbos, his wife, Debtors.**

**Bankruptcy No. 85–00064G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 26, 1987.

James T. Owens, West Chester, Pa., for debtors, David Allen Quackenbos and Joan Ann Quackenbos.

William C. Thum, Hankin, Hankin & Shield, Willow Grove, Pa., for Bank and Trust Co. of Old York Road.

## OPINION

BRUCE FOX, Bankruptcy Judge:

On December 10, 1986, debtors David Allen Quackenbos and Joan Ann Quackenbos, husband and wife, filed a motion to reopen their closed chapter 7 bankruptcy case for the purpose of avoiding a judicial lien held by the Bank and Trust Company of Old York Road ("the bank") on property the debtors claimed as exempt in this case. The bank filed an answer to the motion and a hearing was held on January 7, 1987. For the reasons set forth below, I will grant the motion to reopen the case and schedule a hearing to consider whether the judicial lien may be avoided.

### I.

The debtors filed a voluntary petition in bankruptcy under chapter 7 on January 7, 1985. In their schedules, they disclosed their ownership, as tenants by the entireties, of the residential real property located at 29 Park Road, Ambler, PA and listed the property's fair market value as $70,000.00. In schedule A–2, the debtors listed four secured debts. Two creditors were listed as holding claims aggregating $61,777.86 and secured by a first and second mortgage on the property. A third creditor was listed as secured by an installment contract in the fixtures in a store located in Exton, PA. The bank was described as the holder of a secured claim in the amount of $18,-414.60 secured by a security interest in the contents of a store leased by the debtors in the Willow Grove Mall.

On February 6, 1985, the clerk's office sent notice to all creditors informing them that the section 341 hearing would be held on March 1, 1985 and that the deadline for filing complaints objecting to discharge or for determining the dischargeability of a debt would be April 30, 1985.

On February 28, 1985, the bank filed a proof of claim in the amount of $18,564.84. The proof stated, *inter alia*, that a judgment had been entered in state court in Montgomery County, PA at C.P. No. 83–16855. The entry of a money judgment imposed a lien on the debtors' residential

real property. *See* 42 Pa.C.S. § 4304. There is no evidence, however, that the bank served debtors or their counsel with a copy of the proof of claim.

On March 1, 1985, the section 341 hearing was held. The interim trustee submitted a report stating his conclusion that the estate contained no non-exempt assets and recommending that the court grant the debtors a discharge. On March 19, 1985, the discharge hearing was held and concluded. On that date, the court signed the discharge order and an order which, *inter alia,* approved the trustee's report and provided that "this case be, and the same hereby, is closed." The docket reflects that on March 21, 1985, the clerk's office served four copies of both the discharge and the order closing the case and forty copies of the discharge order only. The docket also reflects that the clerk's office did not actually administratively close the case until June 25, 1985.

## II.

Section 522(f) of the Bankruptcy Code grants a bankruptcy debtor the right to avoid certain liens which impair the debtor's exemptions. 11 U.S.C. § 522(f). Neither the Code nor the Bankruptcy Rules contain an express time deadline for the exercise of the debtor's rights under section 522(f). As a result, the question whether a debtor's motion is barred by the passage of time has spawned substantial litigation.

The overwhelming majority of courts which have considered the issue have held that a debtor may seek to avoid a lien after the entry of the discharge order and may even reopen a closed case pursuant to 11 U.S.C. § 350 and Bankr.Rule 5010 in order to do so. *E.g., Noble v. Yingling,* 29 B.R. 998 (D.Del.1983), *after remand,* 37 B.R. 647 (D.Del.1984); *In re Yazzie,* 24 B.R. 576 (Bankr.App. 9th Cir.1982); *In re Skakalski,* 67 B.R. 448 (Bankr.W.D.Pa.1986); *In re Carilli,* 65 B.R. 280 (Bankr.E.D.N.Y. 1986); *In re Palmquist,* 54 B.R. 24 (Bankr. D.Colo.1985); *In re Moser,* 27 B.R. 144

(Bankr.E.D.N.Y.1983); *In re Hall,* 22 B.R. 701 (Bankr.E.D.Pa.1982); *Matter of Russell,* 20 B.R. 537 (Bankr.W.D.Pa.1982); *Matter of Hart,* 16 B.R. 78 (Bankr.D.Neb. 1981); *Matter of Swanson,* 13 B.R. 851 (Bankr.D.Idaho 1981). The courts adopting this view have articulated various reasons for their conclusion, including: (1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under section 522(f), especially when contrasted with 11 U.S.C. §§ 546(a), 549(d); (2) the text of 11 U.S.C. § 350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance subject to the bar of laches;[1] (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under section 522(f) as a "personal" right of the debtor which exists independent of case administration.

■ At the same time, the courts have acknowledged that a debtor may lose the right to avoid a lien due to delay in initiating proceedings if the lien creditor has been prejudiced by the delay; in other words, a debtor's right to reopen a case to avoid a lien under section 522(f) is subject to the doctrine of laches. *See Noble v. Yingling; In re Yazzie; In re Ricks,* 62 B.R. 681 (Bankr.S.D.Cal.1986); *In re Palmquist; In re Moser.*

■ Delay, by itself, is not sufficient to support a finding of prejudice "because a creditor is normally aware that his security interest is subject to avoidance by a ... debtor." *Noble v. Yingling,* 37 B.R. at 651. Rather, prejudice occurs only when there is a change in position, during the period of delay, which will cause injury to the rights of the creditor or third parties. *Matter of Swanson,* 13 B.R. at 851; *accord, Matter of Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986) (prejudice does not occur simply because the debtor may prevail in the underlying litigation). Some

1. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 49 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1978), U.S.Code Cong. & Ad.News 1978, p. 5787.

courts have ruled that a creditor's action to enforce its lien, after the entry of discharge or the closing of the case, constitutes sufficient detrimental reliance to bar a debtor's exercise of the right to avoid a lien under section 522(f). *See, e.g., In re Hawkins,* 727 F.2d 324 (4th Cir.1984); *In re Serafini,* 30 B.R. 606 (Bankr.W.D.Pa. 1983), *aff'd,* 41 B.R. 880 (W.D.Pa.1984); *cf. In re Blossom,* 57 B.R. 285 (Bankr.N.D. Ohio 1986) (case involving creditor omitted from schedules). Other courts have rejected that view that a creditor who files a lawsuit or initiates execution proceedings has been prejudiced and, instead of barring lien avoidance altogether, have considered whether the debtor should be required to reimburse the creditor for expenses it incurred during the period of delay as a condition of reopening the bankruptcy case for lien avoidance proceedings. *See, e.g., Noble v. Yingling,* 37 B.R. at 651; *In re Ricks,* 62 B.R. at 682–84; *In re Bennett,* 13 B.R. 643, 644 (Bankr.W.D.Mich.). *See also In re Mitchell,* 47 B.R. 209, 212 (Bankr.N. D.Tex.1985) (in case involving motion to reopen in order to amend schedules to add a creditor, criticizing cases which decide motions to reopen on the basis of whether debtor or creditor wins race to the courthouse).

■ I will follow and apply the principle, accepted by the majority of courts, that a debtor may reopen a bankruptcy case in order to initiate lien avoidance proceedings unless the creditor has been prejudiced by the delay. In this case, there was no evidence introduced at trial of any actions taken by the bank to enforce its lien or any change in position of any party since the case was closed. It follows that the bank has not been prejudiced and the debtors are entitled to reopen this bankruptcy case. *See, e.g., In re Palmquist,* 54 B.R. at 24.

The bank argues that it has been prejudiced by the delay, asserting that if the debtors had moved to avoid the bank's lien during the pendency of the case, the bank would have filed a complaint objecting to the dischargeability of the underlying debt.[2] I reject the bank's argument both as a matter of fact and of law.

In this case, the creditor was notified that the deadline for filing objections to discharge and dischargeability complaint was April 30, 1985. On March 19, 1985, the same day the court signed the discharge order, it also inexplicably signed an order closing the case.[3] There is no evidence, however, that the order closing the case was served upon all creditors, including the bank; indeed, the docket suggests the contrary. I therefore find that the bank was unaware of the March 19, 1985 order closing the case and could not have relied, in any respect, on the debtor's failure to initiate lien avoidance proceedings prior to that date. Since the deadline for filing a nondischargeability complaint had not yet expired as of March 19, 1985, this is simply a case in which the bank did not timely file a dischargeability complaint before the deadline imposed by the court.[4] *See* Bankr. Rule 4007(c). That the court entered an

---

**2.** The bank introduced evidence at trial that before the bank entered into a loan transaction with the debtors, the debtors filled out a credit application which contained a statement that the debtors residence had a value of approximately $92,000.00. The bank suggests that it relied on this representation in making the loan. The debtors' bankruptcy schedules list the value of the property at the time of the bankruptcy filing as $70,000.00. Based on these facts, the bank contends that it had grounds to contest the dischargeability of the debt under 11 U.S.C. § 523(a). I do not pass on this question.

**3.** Presumably, the court's order was entered in error as the case could not have been "fully administered," *see* 11 U.S.C. § 350, before the passage of the deadline for filing a complaint objecting to the dischargeability of a debt.

**4.** I find no basis to conclude that the debtors' delay was the result of fraud or intentional design. *See In re Ali,* 58 B.R. 439 (Bankr.E.D. Pa.1986). The schedules submitted by the debtors suggest that they were simply unaware of the bank's judicial lien. *See In re Skakalski,* 67 B.R. 448, 450–51 (Bankr.W.D.Pa.1986) (case reopened for lien avoidance where debtors "apparently" did not know of judgment lien and debtors' counsel "apparently" did not conduct lien search). Had the debtors checked the claims docket, they would have discovered the proof of claim filed by the bank. However, they had reason to check the claims docket in this no asset case.

order, unbeknownst to the bank, before the expiration of the bank's deadline was an unrelated event which had no effect on the bank's conduct.

Moreover, a creditor cannot justifiably assume that a debtor's failure to initiate lien avoidance proceedings prior to the expiration of the deadline for filing a dischargeability complaint constitutes a decision by the debtor not to exercise his rights under section 522(f). While it may not be unreasonable, in a business sense, for a creditor's decision whether to contest the dischargeability of a debt to depend on whether its lien will survive the bankruptcy proceeding, the Bankruptcy Rules themselves expressly contemplate that the creditor's deadline to act will expire before the case is closed. *See* Bankr.Rule 4004(c) (discharge is to be granted forthwith on expiration of deadline for objection to discharge but entry of order can be deferred on request of the debtor).[5] Certainly, debtors may, and frequently do, initiate lien avoidance proceedings after a lien creditor's time period to object to discharge or file a dischargeability complaint has expired and before a case has been closed. And, as discussed earlier, the majority view is that a case may be reopened for the purpose of allowing the debtor to avoid a lien. The import of the Bankruptcy Rules and the majority of cases construing 11 U.S.C. §§ 350, 522(f) is that a creditor must make its decision whether to contest discharge or the dischargeability of a debt independent of the debtor's decision regarding lien avoidance. The creditor cannot claim prejudice if the debtor chooses to initiate lien avoidance proceedings after the expiration of the creditor's deadline.

I recognize that this result may seem harsh. Other courts have noted the lack of symmetry in the Bankruptcy Rules with respect to the time deadlines imposed on debtors and creditors. *Noble v. Yingling*, 29 B.R. at 1000–02. *See generally In re*

*Adkins*, 7 B.R. 325 (Bankr.S.D.Cal.1980) (leading case for the minority view that lien avoidance proceedings must be instituted at or before discharge due to (1) need to effectuate reaffirmation provision of the Code, 11 U.S.C. § 524(d) and (2) principle that if creditor must act timely, so should the debtor). The difficulty, from the creditor's point of view, is exacerbated by Rules 4007(c) and 9006(b)(3). The plain language of these Rules and the almost uniform construction given to them by the courts is that: (1) extension of time to file a dischargeability complaint may be granted only to the extent permitted by Rule 4007(c); (2) under Rule 4007(c), a motion for extension of time must be filed before the time deadline has expired; and (3) a motion made after the time deadline has expired cannot be granted on the basis of excusable neglect. *E.g., In re Rhodes*, 61 B.R. 626 (Bankr.App. 9th Cir.1986); *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986); *In re Maher*, 51 B.R. 848 (Bankr.N.D.Iowa 1985). Thus, if the debtor moves to avoid a lien after the deadline for challenging discharge or dischargeability has expired and the creditor has not previously sought an extension in a timely manner, it is unlikely that the creditor may then take further action.[6] *See In re Barr*, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985) (observing that inflexibility of Rules 4007(c) and 9006(b) "has the potential to force highly inequitable results"); *cf. In re Pigott*, 684 F.2d 239 (3d Cir.1982) (bankruptcy court cannot extend time for filing proofs of claim beyond that permitted by the Act (now Bankruptcy Rules)).

As one court has observed, if one were formulating the Bankruptcy Rules on a clean slate, the Rules might be modified in order to redress this perceived imbalance. *See Noble v. Yingling*, 29 B.R. at 1001. However, the Rules have not been modified and the courts are not free to substitute

---

5. Objections to discharge and dischargeability complaints are subject to the same time deadline under the Bankruptcy Rules. Both types of proceedings must be initiated not later than sixty days following the first date set for the meeting of creditors under 11 U.S.C. § 341 and

any request for extension must be filed before the time deadline has expired. *Compare* Bankr. Rule 4004(b), (c) *with* Bankr.Rule 4007(c).

6. I do not reach this issue in the matter presently before me.

their judgment as to appropriate time deadlines for that of the Supreme Court which has prescribed the Rules. *See id.* at 1001–02; 28 U.S.C. § 2075. Moreover, notwithstanding the judicial debate which has taken place, the proposed amendments to the Bankruptcy Rules now pending make no changes in the Rules discussed above.

For these reasons, I conclude that the bank's argument is without merit and this case should be reopened.

### III.

At the hearing in this matter, the parties focused exclusively on the issue whether this case should be reopened. Neither party addressed the merits of the underlying issue *i.e.*, whether the debtors may avoid the bank's lien. Accordingly, I will schedule a hearing on the debtors' motion to avoid the bank's lien.

An order consistent with this memorandum will be entered.