**In re Edward Gordon HUTCHINSON and Debra Gladstone Hutchinson, Debtors.**

**Bankruptcy No. 88–5393–BKC–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 4, 1988.

Rodney L. Dillon, Sarasota, Fla., for debtors.

Cindy Turner, Tampa, Fla., Richard S. Webb, IV, Sarasota, Fla., for Betsy Stone.

## ORDER ON MOTION TO AVOID LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion filed by Edward Gordon and Debra Gladstone Hutchinson (Debtors), who seek to avoid a lien of Betsy Stone (Stone), a creditor of these Debtors. The Court heard the arguments of counsel for the Debtors and for Stone at the duly scheduled hearing.

In opposition to the Motion to Avoid Lien, it is the contention of counsel for Stone that the lien in question is not a judicial lien and, therefore, is not avoidable by Chapter 7 debtors pursuant to § 522(f)(1) of the Bankruptcy Code. The Court has considered the record which reveals the following facts relevant:

Prior to the commencement of the Chapter 7 case, Stone filed a civil action against Edward Gordon Hutchinson, one of the Debtors, in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, State of Florida. In the suit, Stone sought recovery of a money judgment. The suit was ultimately concluded by entry of a final judgment in favor of Stone and against Edward G. Hutchinson in the principal sum of $13,717.91. Subsequent to the entry of the judgment, Edward G. Hutchinson and Stone entered into a stipulation on August 22, 1986. Pursuant to the terms of the stipulation, Edward G. Hutchinson agreed to pay to Stone the judgment in installments pursuant to the schedule set forth in the stipulation with the proviso that the entire amount shall be due and payable on August 20, 1989. The stipulation further provided that Edward G. Hutchinson "waives all Homestead Exemptions which he may now hold on the subject property and, further, waives any Homestead exemptions which may attach if Defendant shall marry in the future. Any exemptions which Defendant waives herein shall apply only to the Plaintiff herein". Lastly, the stipulation provided that in the event of default, Stone was entitled to proceed to Sheriff's sale (sic). The stipulation was approved on September 12, 1986 by the Circuit Court by an order which provided that the parties shall abide by the contents of the stipulation.

Mr. and Mrs. Hutchinson filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on September 14, 1988 and now seek to avoid this alleged lien of Stone pursuant to § 522(f)(1) of the Bankruptcy Code which provides as follows:

## Sec. 522. Exemptions

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been otherwise entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ...

■ It should be noted at the outset that the Code expressly provides that any waiver of exemption is unenforceable against the Debtor and has no impact on the Debtor's right to invoke the voiding provisions of this Section. Most importantly, however, it is evident that before the power to avoid is invoked under this Section, there must be a lien and, of course, same must be a judicial lien. While the Debtors, in their Motion, sought to avoid the lien, this Court is satisfied that Stone never in fact acquired a lien and, therefore, the Debtors' attempt to avoid same is academic. This conclusion is based on the following:

It is without dispute that Stone obtained a money judgment against Edward Gordon Hutchinson, one of the Debtors: If the money judgment was recorded, which is not clear from this record, it would certainly have operated under local law as a lien on all real property situated in the county where the judgment was recorded, in which the judgment debtor had a cognizable ownership interest. Even assuming that the judgment was recorded, the Debtor certainly would be able to avoid a judgment lien by virtue of § 522(f)(1) notwithstanding the waiver of exemptions. In order to avoid the obvious, counsel for Stone claims that the lien is not a judgment lien but an equitable lien which under the controlling law is not avoidable pursuant to § 522(f)(1). In addition, Stone also claims that her lien is not based on the final judgment but it is a consensual or contractual lien based on the stipulation and, therefore, cannot be avoided by the Debtor. Even a cursory reading of the stipulation leaves no doubt that it was never intended to grant a lien to Stone. There is not a single mention in the stipulation which even indirectly intimates that Stone was granted by Hutchinson a lien on any property owned by Hutchinson. The stipulation did nothing more than provide for an installment payment of a money judgment and in the event of a default by Hutchinson authorized Sheriff's sale. In this connection, it should be noted that a sheriff conducts sales of properties pursuant to a final judgment on which a writ of execution has been issued and enforcement of liens in this State are through foreclosure proceedings and properties are sold at foreclosure sale not by the Sheriff but by the clerk of the Circuit Court. The Order approving the stipulation is equally devoid of any language indicating the imposition of any lien and if the lien exists at all, it is neither an equitable lien nor a consensual lien but possibly a judicial lien.

In support of the contention advanced by counsel for Stone that the lien is an equitable lien which is not avoidable under § 522(f)(1), counsel relies on the case of *In re Hart*, 50 B.R. 956 (Bkrtcy.D.Nev.1985). In *Hart*, the former husband of the Debtor sought a declaratory judgment that the debt owed by the Debtor was secured by a non-avoidable lien. In sustaining this proposition, the Bankruptcy Court held that the husband had an equitable lien on the real property owned by the Debtor which cannot be avoided as a judicial lien. The conclusion concerning the character of the lien claimed was based on the proposition that equitable liens are either created by a contract evidencing an intent to secure an obligation by a charge placed on a particular property or by implication from conduct and the dealings of the parties and an equitable lien may also be created by judicial decree. This Court has no difficulty to accept these conclusions and agree that they are well supported by case law. *See also, Morrison Flying Service v. Deming National Bank*, 404 F.2d 856 (10th Cir.), cert. denied, 393 U.S. 1020, 89 S.Ct. 628, 21 L.Ed.2d 565 (1968). The difficulty with counsel's reliance on *Hart* should be evident when the principles announced in *Hart* are applied to the facts in the instant case. First, as noted earlier, there is no express contract involved in the instant sit-

uation which show an intent to secure an obligation to charge a particular piece of property. Even assuming that the stipulation is deemed to be a contract, it is totally devoid of any language which even indirectly would intimate an intent to secure repayment of the judgment with a charge on any property. Neither is there anything in the present instance which would warrant the imposition of an equitable lien based on the conduct and the dealings of the parties (e.g., conduct amounting to unjust enrichment). Lastly, nor is there a judicial decree which imposed an equitable lien on any property of the Debtor unlike what occurred in *In re Sanderfoot*, 83 B.R. 564 (Bkrtcy.E.D.Wis.1988), a case also cited by counsel for Stone in support of her claim of equitable lien. The equitable lien in *Sanderfoot* was imposed by a divorce judgment granted to secure the payment for the non-resident spouse share flowing from a property settlement. Counsel for Stone also cites *Matter of Rosen*, 34 B.R. 648 (Bkrtcy.E.D.Wis.1983) which also involved an attempt to avoid an attorney's claim to the proceeds from the sale of the homestead on the ground that the claim was in fact a voidable judicial lien. In *Rosen*, the Court concluded that the lien was in fact a security interest in the Debtor's homestead thus even though it was created by a judicial fiat entered in conjunction with the divorce it was not avoidable under § 522(f)(1).

Based on the foregoing, it is clear and this Court is satisfied that the proposition urged by counsel for Stone finds no decisional support of the recognition of a consensual lien or judicial approval of same and, therefore, the Debtor is entitled to a declaration that if a lien is claimed based on the original judgment the same is unenforceable and voidable pursuant to § 522(f)(1) and to the extent it is asserted to be either a consensual or an equitable lien, such liens were never created and they are non-existing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Avoid Lien represented by the money judgment entered on September 12, 1986 be, and the same is hereby, granted and the same is declared to be void and unenforceable. It is further

ORDERED, ADJUDGED AND DECREED that if the lien claimed by Stone is claimed to be an equitable lien based on the stipulation, that no such lien was effectively created and, therefore, does not represent a valid enforceable charge against any properties of the Debtor, Edward Gordon Hutchinson.