In re Teresa **BRADLOW**, a/k/a Teresa L. Bradlow, a/k/a Teresa A. Bradlow, a/k/a Teresa Artiz, Debtor.

**Bankruptcy No. 90–23225–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Sept. 21, 1990.

William C. Stallions, Fort Lauderdale, Fla., for debtor.

Mark F. Booth, Fort Lauderdale, Fla., for Creditor.

Milton Gene Friedman, Fort Lauderdale, Fla., Trustee.

ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIENS

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on September 5, 1990, upon the debtor's Motion To Avoid Judicial Liens pursuant to 11 U.S.C. § 522(f), and the Court having reviewed the record, having heard the arguments of counsel, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

The debtor resides at 7141 Southwest 6th Street, Pembroke Pines, Florida, and has declared this property as exempt. Sun Bank/South Florida N.A. (hereinafter "the creditor") obtained two judgments against the debtor in prior state court proceedings. These two judgments were obtained by the creditor on November 2, 1989 and January 19, 1990, and were subsequently recorded in the public records of Broward County, Florida. In May, 1990, the debtor filed her petition under Chapter 7 of Title 11 of the United States Code. Thereafter, the debtor filed her motion seeking to avoid the two liens held by the creditor.

In opposition to the debtor's motion, the creditor has raised three arguments. First, the creditor contends that the Court lacks jurisdiction to make a present determination as to whether the liens would be enforceable against the sale proceeds of the debtor's property. Secondly, the creditor contends that the liens do not impair the debtor's exemption because the Florida Constitution provides that homestead property shall be exempt from the claims of creditors, subject to certain exceptions. *See,* Fla. Const. art. X, sec. 4. Since the liens do not fall within the express exceptions, the creditor argues that the debtor's homestead exemption is not impaired. Finally, the creditor also argues that the debtor is not entitled to the homestead exemption as the debtor has not produced any evidence that she has made a proper designation of homestead as required by section 222.01, Florida Statues.

■ Section 522(f) of the Bankruptcy Code permits a debtor to:

"avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ..: if such lien is (1) a judicial lien...." 11 U.S.C. § 522(f).

The purpose of § 522(f) is to provide the debtor with the full benefit and enjoyment of available exemptions in the administration of the bankruptcy estate. *In re Goodwin,* 82 B.R. 616, 617 (Bankr.S.D.Fla.1988); *In re Hall,* 752 F.2d 582, 584 (11th Cir. 1985). Therefore, several courts have held that the mere existence of the judgement lien does impair a debtor's Florida constitutional exemption. *See, In re Calandriello,* 107 B.R. 374, 375 (Bankr.M.D.Fla.1989); *In re Bird,* No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D.Fla. May 5, 1989), reversing, 84 B.R. 858 (Bankr.S.D.Fla.1988).

In *Bird,* the district court reversed the Bankruptcy Court's finding that it lacked jurisdiction to determine whether the judgment in question would or would not constitute a valid lien against the sale proceeds of the real property. The district court reasoned that, "it behooves the Bankruptcy Court to grant full relief to the homestead property at the time it became property of the estate." *Id.* This Court concurs with the reasoning enunciated in *Bird* and the other cases cited herein, and concludes that § 522(f) authorizes the avoidance of the creditor's liens in that the liens impair the debtor's homestead exemption.

■ The Court also finds that the creditor's assertion that the debtor has not established a valid homestead exemption is untimely. The creditor's argument amounts to an objection to the claimed exemption of the debtor. A creditor or the trustee may file an objection to the property claimed as exempt by the debtor within 30 days after the conclusion of the meeting of creditors. Bankruptcy Rule 4003(b). In this case, the meeting of creditors was held on June 28, 1990. The creditor did not voice an objection to the homestead exemption claimed by the debtor until the hearing on this matter. Therefore, the Court will not address the merits of the creditor's argument. Accordingly, it is

ORDERED AND ADJUDGED that the judicial liens of the creditor are hereby void in that they impair the debtor's homestead exemption, which property is legally described as:

BOULEVARD PARK 51–33B, Lot 28 Block 66, Broward County, a/k/a 7141 S.W. 6th Street, Pembroke Pines, Florida 33023

Specifically, the judgement liens, recorded against the property of the debtor in the following official record books of the public records of Broward County, Florida, are hereby avoided:

Official Records Book 16908, Page 710

Official Records Book 16946, Page 900

Official Records Book 17199, Page 0265

Official Records Book 17124, Page 0086

DONE AND ORDERED.