**In re Dr. Jerome F. JACOBS, Debtor.**

**No. 90–15230–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 29, 1992.

Michael Goldberg, Miami, FL, for debtor.

Norman S. Pallot, South Miami, FL, for creditors.

Jules Bagdan, Trustee, South Miami, FL.

### ORDER ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS PURSUANT TO § 522(f)

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on August 13, 1992 upon the debtor's Motion to Avoid Judicial Liens Pursuant to 11 U.S.C. § 522(f), and the Court, having reviewed the record, motion and memorandums of law, having heard the arguments of counsel, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

On July 31, 1990, Dr. Jerome F. Jacobs, (the "debtor"), filed for relief under Chapter 7 of the Bankruptcy Code and received a discharge on November 7, 1990. On Schedule B–4 of his bankruptcy schedules, the debtor listed a house he purchased in November of 1982 as his homestead exemption, which was legally described as:

> Lot 13 in Block 1 of BEACH VIEW SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 9, Page 158 of the Public Records of Dade County, Florida.

Prior to the bankruptcy filing, 15 creditors obtained and recorded judgments against the debtor. City Stores Inc., Commercial Credit Corp., and Chrysler First Financial Services Corp. (the "objecting creditors") were among such creditors and presently oppose the debtor's motion to avoid all liens on his claimed exemption. They obtained and properly recorded their judgments in Dade County respectively on June 5, 1974 in the amount of $1,232.52, on March 4, 1975 in the amount of $3,347.66 and on December 5, 1989 in the amount of $4,686.56.

Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid the fixing of a judicial lien on his interest in property to the extent that the judicial lien impairs an exemption to which the debtor would have been entitled to under § 522(b). *In re Bradlow*, 119 B.R. 330, 331 (Bankr.S.D.Fla. 1990); *In re Goodwin*, 82 B.R. 616, 617 (Bankr.S.D.Fla.1988); *In re Hall*, 752 F.2d 582, 584 (11th Cir.1985). In Florida, qualified residents are entitled to a homestead exemption by virtue of the Florida Constitution, Article X, Section 4 and via § 522(b), which authorizes states to opt out of the federal exemptions for state created-exemptions.

■ The debtor claims that subsequent to his listing the aforementioned house, located at 5223 Pinetree Drive, Miami Beach, Florida, as his homestead exemption, neither the trustee nor any creditors objected. Indeed, a review of the docket sheet reveals that no objections were filed. Where no party in interest objects timely to a claim of homestead, the exemption is deemed allowed. *See* Bankruptcy Rule § 4003(b); *Davis v. Bright*, 23 B.R. 347, 348 (Bankr.S.D.Fla.1982). Thus, in light of the debtor having otherwise satisfied the homestead requirements and given that no creditor or interested party had objected timely to the claimed exemption, the Court finds that the real property described above is the debtor's homestead under Article X, Section 4 of the Florida Constitution.

This Court, as well as other Florida courts, has previously held that a homestead exemption is impaired by the mere existence of judgment liens on the homestead. *Davis v. Bright*, 23 B.R. at 347; *In re Bradlow*, 119 B.R. at 331; *In re Bird*, No. 88–8184–CIV–ARONOVITZ, slip op., at 9 (S.D.Fla. May 5, 1989), reversing 84 B.R. 858 (Bankr.S.D.Fla.1988); *In re Calandriello*, 107 B.R. 374 (Bankr.M.D.Fla.1989); *In re Hutchinson*, 92 B.R. 950 (Bankr. M.D.Fla.1988). More specifically, the *Calandriello* court elaborated as to the effect of liens on a homestead:

> [P]ractical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title companies generally treat such

judgments as a cloud on title to the homestead unless [they are] avoided in bankruptcy, satisfied or otherwise removed. When the homeowner later becomes a debtor in bankruptcy, the limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides. [T]he Bankruptcy Code contains a specific provision designed to prevent the debtors ... from experiencing problems of this sort.

*In re Calandriello*, 107 B.R. at 375.

■ In line with the *Calandriello* court's reasoning, the debtor's constitutional homestead exemption is likewise impaired here, in that the debtor's lender and the lender's title insurance company have conditioned the debtor's attainment of a second mortgage for his homestead upon an order issued by this Court, avoiding all judgment liens on the house.

■ Notwithstanding the argument that the mere existence of judgment liens impair the debtor's homestead, the objecting creditors contend that the debtor's motion to avoid liens is untimely since it was made long after the debtor received a discharge. Although § 522(f) is silent in regards to whether the debtor must move for the avoidance of liens within a given time period, the majority of jurisdictions have considered the issue and held that lien avoidance is permissible subsequent to discharge if there has been no injury or prejudice to creditors. *Yazzie v. Postal Finance Co.*, 24 B.R. 576, 577–578 (9th Cir.1982); *In re Jent*, 37 B.R. 561, 563 (Bankr.W.D.Kentucky 1984); *In re Chesnut*, 50 B.R. 309, 310 (Bankr.W.D.Oklahoma 1985) (holding that creditors can argue lien avoidance is untimely based on equitable grounds such as prejudice, laches, reliance, estoppel or fraud); *In re Skakalski*, 67 B.R. 448, 450–451 (Bankr.W.D.Pa.1986) (ruling that the debtor need not file a motion to avoid liens within any particular time where creditors are not prejudiced by the delay). The minority position, on the other hand, establishes the discharge date as an absolute deadline. *In re Jent*, 37 B.R. at 563.

In light of the fact that neither the Bankruptcy Code or Rules provide any particular time constraints for raising lien avoidance, the majority of jurisdictions hold that there is no time limit absent prejudice or fraud to creditors and given that the creditors in the instant case have not shown or even posited that the debtor's motion for lien avoidance is fraudulent or has a prejudicial impact on their interests, the Court finds that the creditors are not prejudiced by the debtor's motion for lien avoidance.

The objecting creditors further contend that the instant case has been closed and that, therefore, the debtor can no longer move to avoid their liens. In fact, the majority of bankruptcy courts have held, to the contrary, that a debtor has a right to reopen his case in order to avoid liens if the creditors' rights are not injured as a result. *See In re Quackenbos*, 71 B.R. 693, 695 (Bankr.E.D.Pa.1987); *In re Ricks*, 62 B.R. 681, 683 (Bankr.S.D.Cal.1986) (holding that, in the absence of prejudicial delay, the bankruptcy court must reopen a closed case to permit the debtor to file a lien avoidance action). In the instant case, however, the Court need not analyze the matter, for a review of the court file and the docket sheet indicate that the instant case has never been closed.

■ The objecting creditors finally assert that the avoidance of their liens via § 522 would constitute a taking of their property since their liens arose prior to the enactment of the 1978 Bankruptcy Code and, thus, § 522(f) should not apply retroactively to avoid their liens. The objecting creditors' argument ignores the fact that a recorded judgment only becomes a lien upon the debtor acquiring an interest in property. *In re Owen*, 961 F.2d 170, 172 (11th Cir.1992). Thus, the creditors' earlier recorded judgments only became judgment liens upon the debtor's purchase of the house in November of 1982, which was four years after the effective date of the 1978 Bankruptcy Code and, thus, the creditors' judgment liens can be properly avoided under § 522(f).

For the foregoing reasons, it is hereby:

**ORDERED AND ADJUDGED** that the debtor's Motion to Avoid Judicial Liens Pursuant to § 522(f) is hereby granted and, thus, all judgment liens on the debtor's homestead are hereby avoided.

**DONE AND ORDERED.**