**In re Victor F. PROCACCIANTI,
Debtor.**

No. 98–14356.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 25, 2000.

Emili Vaziri, W.G. Grande & E. Vaziri Law, Inc., Providence, RI, for debtor.

Murray P. Reiser, Paul R. Ladas, Murray P. Reiser and Associates, P.C., Boston, MA, for creditor, Lisitano Produce, Inc.

Gregory W. Hamilton, Providence, RI, Chapter 7 Trustee.

### ORDER REOPENING CASE AND GRANTING MOTION TO AVOID JUDICIAL LIEN

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's Motion to Reopen his Chapter 7 bankruptcy case and to avoid Lisitiano Produce Inc.'s ("Lisitiano") judicial lien on garnished funds held by State Street Bank and Trust Company ("State Street"). The relevant facts are undisputed. On October 21, 1998, Victor Procaccianti filed a Chapter 7 petition and on January 14, 1999, received his discharge. The case was closed on August 3, 1999, and on February 22, 2000, the Debtor filed the present motion to avoid lien. In its objection Lisitiano argues that in seeking relief at this time the Debtor is guilty of laches. At issue is the entitlement to $5,397, attached by Lisitiano and which is presently held by State Street. On his original schedules Procaccianti claimed an exemption in the funds, but took no formal action to avoid Lisitiano's attachment. On January 31, 2000, having waited a reasonable time after discharge and believing that the Debtor had abandoned the attached funds, Lisitiano filed a Motion for Issuance of Execution in the state court. In response, the Debtor filed this motion to reopen and to void lien.

### DISCUSSION

■ The authority of a bankruptcy court to reopen a case to avoid a judicial lien is in 11 U.S.C. § 350(b) which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Courts allowing motions to reopen to avoid judicial liens have given various reasons for doing so, including:

(1) the absence of any deadline in the Code or Bankruptcy Rules for initiating a lien avoidance under section 522(f) ... (2) the text of 11 U.S.C. § 350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under section 522(f) as a "personal" right of the debtor which exists independent of case administration.

*In re Quackenbos,* 71 B.R. 693, 695 (Bankr.E.D.Pa.1987). *See also In re Velazquez,* 74 B.R. 137, 138 (Bankr.D.P.R. 1987); *In re Caicedo,* 159 B.R. 104 (Bankr. D.Conn.1993). Because all, or any, of the foregoing reasons are sufficient to justify the relief sought here, it is clear that this Debtor may reopen his case to request such relief, and it is so ordered.

■ On the merits of the lien avoidance, Lisitiano argues that the doctrine of laches bars the relief sought by the Debtor. "The equitable doctrine of laches allows a court to dismiss a claim 'where a party's delay in bringing suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party.'" *Iglesias v. Mutual Life Ins. Co.,* 156 F.3d 237, 243 (1st Cir. 1998), *cert. denied,* —— U.S. ——, 120 S.Ct. 45, 145 L.Ed.2d 41 (1999) (*quoting K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907, 911 (1st Cir.1989)). "As a matter of federal civil procedure, laches is an affirmative defense.... When a plaintiff brings suit within the limitation period, a defendant claiming laches has the burden of proving both unreasonableness of the delay and the occurrence of prejudice." *K–Mart Corp.,* 875 F.2d at 911 (citation omitted, footnote omitted). On the facts before us, we find that Lisitiano has not established that the delay of six months from the closing of the case to the filing of the instant motion was unreasonable.

The prejudice to Lisitiano consists of the expenses incurred in pursuing this claim

after the Debtor obtained his discharge. Since this type of prejudice is both quantifiable and curable, we rule that Lisitiano is entitled to reimbursement of its attorney's fees and costs expended in bringing the State Court litigation, wherein Lisitiano reasonably relied on the Debtor's apparent abandonment of the attached funds. *See In re Rianna*, 61 B.R. 924, 926 (Bankr. D.R.I.1986).

Accordingly, the Debtor's Motion to Reopen and the Motion to Avoid Lisitiano's judicial lien on funds in the custody of State Street are GRANTED, conditionally, upon the Debtor paying the reasonable fees and costs incurred by Lisitiano on the lien avoidance issue. If the Debtor is unwilling to pay said costs in consideration of obtaining lien avoidance, then the motion to avoid lien is denied.

Enter judgment consistent with this opinion.