### In re Elsie D. GOODWIN, Debtor.

### Bankruptcy No. 84–02039–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Jan. 27, 1988.

---

Brad Culverhouse, Ft. Pierce, Fla., for debtor.

Irving E. Gennet, Trustee, Boca Raton, Fla.

Wes Howze, Melbourne, Fla., for Ol-soen's of Central Florida, Inc. d/b/a Handy Andy Labor.

## ORDER DENYING MOTION TO AVOID LIENS

THOMAS C. BRITTON, Chief Judge.

The debtor's motion (CP 45) for the relief provided under 11 U.S.C. § 522(f)(1) was heard on December 1, 1987.

Section 522(f) permits a debtor to:

"avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is (1) a judicial lien...."

Three of the liens which the debtor wishes to avoid arose from 1984 judgments duly recorded in the records of the county of the debtor's residence prior to the filing of this bankruptcy petition. There also is a fourth judgment lien recorded postpetition and IRS tax liens which are alleged to be postpetition. The exemption the debtor seeks to protect is the Florida homestead exemption claimed and allowed in this bankruptcy case for her home in Indian River County.

Under Florida law, the homestead exemption of real property is subordinate to only two kinds of judgment or execution liens: (a) a lien which came into existence *before* the property acquired homestead status, *Volpitta v. Fields*, 369 So.2d 367, 369 (Fla.Dist.Ct.App.1979), and (b) a lien:

"for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty". *Fla. Const.*, Art. X, § 4(a).

If the liens in question here do not fall within these two exceptions, these liens do not impair the debtor's homestead exemption. The exemption right is superior to the claims of this category of creditor. *Hill v. First Nat'l Bank of Marianna*, 79 Fla. 391, 84 So. 190, 192 (1920). If the liens fall within either of the foregoing exceptions, they do not impair the debtor's exemption because the exemption is expressly subject to these two exceptions. In neither event does § 522(f) affect the rights of either the debtor or the judgment creditors. Those rights are dictated entirely by State law. *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431, 433 (Fla.1968).

The purpose of § 522(f) is to provide debtor with the full benefit and enjoyment of available exemptions in the administration of the bankruptcy case. *In re Hall*, 752 F.2d 582, 584 (11th Cir.1985). Under the Florida homestead exemption for real property, the prohibition against forced sale of a homestead does not invalidate the debt or lien. The protection is effective so long as the property retains its homestead character. Under these circumstances, if avoidance of the judicial liens were granted under § 522(f), that relief would add an element of protection greater than the homestead exemption under State law. *See Point East One Condominium Corp. Inc. v. Point East Developers, Inc.*, 348 So.2d 32, 36 (Fla.Dist.Ct.App.1977). In Florida, a judicial lien which is presently unenforceable against exempt real property does not *impair* the exemption. *See Nat'l Deposit Guarantee Corp. v. Peck (In re Peck)*, 55 B.R. 752, 755 (N.D.Ohio 1985) (applying similar principle of Ohio law and denying relief under § 522(f)(1)). The ex-

planation offered by the district judge in *Peck* is excellent on this point of law.

As stated by the court in analyzing subsection (2) under this provision in *In re Bland,* 793 F.2d 1172, 1173 (11th Cir.1986):

> "section 522(f)(2) allows the debtor to avoid a lien *only* to the extent that such lien impairs an exemption...." (Emphasis added).

*See also Alu v. State of N.Y. Dept. of Tax and Finance,* 41 B.R. 955, 957–58 (E.D.N. Y.1984).

The proper application of § 522(f)(1) involves situations where the debtor claims either the federal exemptions or particular state exemptions for real property in which the dollar amount is limited and which do not by their express terms exempt property from forced sale or execution under a valid lien. In such situations, the liens unless avoided would, in fact, impair such exemptions and could be enforced under § 522(c)(2).

The express terms of the Florida homestead exemption fully protect the debtor's residence from judicial liens. The significant difference between the real and personal property exemptions in Florida regarding the applicability of § 522(f) is that the real property obtains exempt status at the time of purchase and occupancy as a residence prior to the recordation of judicial liens, while the $1000 worth of personal property must be designated as exempt subsequent to the liens attaching.

I believe that the declaration by a court of a right fully enunciated and provided for in the Florida Constitution, Art. X, § 4, and claimed by a debtor in a bankruptcy case and unchallenged, is duplicative and, therefore, unnecessary.

Accordingly, it is beyond the scope of § 522(f)(1) to declare the liens void if the debtor's exemption is not diminished and, therefore, not impaired by the lien. For the foregoing reasons, the debtor's motion is denied.

Denial is without prejudice to the filing of any request for voiding these liens upon other grounds which may be applicable under bankruptcy law.