**In re Charles R. & Elizabeth J. JACKSON d/b/a/ Gulf Sales International, Inc., Gulf Coast Woodworking Equipment Company, Debtors.**

**Bankruptcy No. 87–04353.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

March 24, 1988.

Paul Shimek, Pensacola, Fla., for debtors.

Sally C. Bussell, Pensacola, Fla., for Birmingham Saw Works.

James R. McAtee, Pensacola, Fla., trustee.

## ORDER ON MOTION TO AVOID JUDICIAL LIENS

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER having come on for consideration upon the debtors' motion to avoid additional judicial liens on their interest in certain personal and homestead property claimed as exempt, and the Court having reviewed the record and otherwise being fully advised in the premises, has determined as follows:

■ With regard to the personal property claimed as exempt on Schedule B-4 of the debtors, to the extent the subject judicial lien impairs any allowable portion of that exemption, it should be declared null and void in accordance with Section 522(f) of the Bankruptcy Code.

■ With regard to the realty claimed as exempt homestead pursuant to Article X, § 4 of the Florida Constitution, this Court finds there to be no impairment of said exemption by the judicial lien, and thus avoidance of the lien to be unnecessary. As succinctly stated in the case of *In re Goodwin*, 2 FLW B1 82 B.R. 616 (Bkrtcy S.D. FL 1988),

"The express terms of the Florida homestead exemption fully protect the debtor's residence from judicial liens.... Under Florida law, the homestead exemption of real property is subordinate to only two kinds of judgment or execution liens: (a) a lien which came into existence *before* the property acquired homestead status, [citation omitted], and (b) a lien:

'for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty.' *Fla. Const.*, Art. X, § 4(a).

... [Thus,] [in] Florida, a judicial lien which is presently unenforceable against exempt real property does not *impair* the exemption. [Citation omitted]. ... I believe that the declaration by a court of a right fully enunciated and provided for in the Florida Constitution, Art. X, § 4, and claimed by a debtor in a bankruptcy case and unchallenged, is duplicative and, therefore, unnecessary."

This Court wholly concurs in the cited text. It is accordingly,

ORDERED AND ADJUDGED that the judicial lien of Birmingham Saw Works be, and it hereby is, void to the extent it impairs an allowable exemption of the debtors' personal property. It is

FURTHER ORDERED AND ADJUDGED that the debtors' motion to avoid the judicial lien as to exempt homestead property, be and it hereby is, denied as duplicative and unnecessary.