**In re Joseph John CALANDRIELLO, Loretta Calandriello, Debtors.**

**Bankruptcy No. 89–00307–BKC–6X7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Nov. 8, 1989.

Raymond J. Rotella, Kosto & Rotella, P.A., Orlando, Fla., for debtors.

Berry James Walker, Jr., Broad and Cassel, Maitland, Fla., for Union Sav. Bank.

Leigh R. Meininger, Trustee, Gainesville, Fla.

## ORDER AVOIDING JUDICIAL LIEN OF UNION SAVINGS BANK OF FLORIDA

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

THIS CAUSE came on for hearing on September 20, 1989, of a motion to invalidate lien filed by the debtors on July 11, 1989, and docketed as Document No. 34. In the motion, the debtors seek to avoid a judicial lien as to homestead property pursuant to Section 522(f) of the Bankruptcy Code. The judgment creditor, Union Savings Bank of Florida, responded to the motion with an opposition filed on July 26, 1989, and docketed as Document No. 41.

At the hearing, the debtors and the judgment creditor stipulated to the following facts:

1. In 1970, the debtors acquired certain real property located at 712 London Road, Winter Park, Florida, the legal description of which is:

Lot 6, Block C, Winter Park Pines, Unit No. Ten, according to the plat thereof as

recorded in Plat Book 1, Page 127, Public Records of Orange County, Florida.

2. The property then acquired the status of homestead within the meaning of Article X, Section 4, of the Florida Constitution and has continued to have that status through and including the filing the debtors' Chapter 7 voluntary petition on January 30, 1989.

3. On September 11, 1978, the Circuit Court for Broward County, Florida, entered an amended final judgment in favor of City National Bank of Lauderhill and against one of the debtors, and a certified copy of the judgment was shortly thereafter recorded in the Official Records of Orange County, Florida, at O.R. Book 2966, Page 1604. Union Savings Bank of Florida is the successor in interest to City National Bank of Lauderhill.

4. In their Chapter 7 case, the debtors scheduled the property and claimed it as exempt as their homestead under the Florida Constitution.

5. With these stipulated facts, the pending motion presents a pure question of law for the Court's determination, and these stipulated facts are sufficient to decide the question. That question is: Does the creditor's lien here impair the debtors' exemption, it being agreed that all other requirements of Section 522(f) have been met?

. Federal courts in Florida are split on the question of the applicability of Section 522(f) of the Bankruptcy Code to Florida homestead property. On the one hand, there are cases that hold that, under Florida's constitutional homestead exemption law, a judicial lien occurring *after* property acquires homestead status is *presently* unenforceable against that property. Because the judicial lien, therefore, does not *impair* the exemption within the meaning of the Code, these cases hold that Section 522(f) does not apply. *In re Jackson,* 86 B.R. 251, 252 (Bkrtcy.N.D.Fla.1988); *In re Goodwin,* 82 B.R. 616, 617–18 (Bkrtcy.S.D. Fla.1988).

On the other hand, other courts hold that the mere existence of the judgment lien does impair a debtor's Florida constitutional homestead exemption. *In re Bird,* No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D. Fla. May 5, 1989), *reversing* 84 B.R. 858 (Bkrtcy.S.D.Fla.1988); *In re Davis,* 23 B.R. 347, 348 (Bkrtcy.S.D.Fla.1982); *see In re Hutchinson,* 92 B.R. 950 (Bkrtcy.M.D. Fla.1988). These cases hold, therefore, that Section 522(f) is available to avoid the lien.

Although the cases generally offer little analysis and instead tend to be conclusory in nature, this Court concludes that, even if the judicial lien is not presently enforceable against the homestead property, its existence does impair the homestead exemption so that Section 522(f) is available to the debtors in these circumstances.

As any Florida lawyer who practices real property law knows, practical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title companies generally treat such judgments as a cloud on title to the homestead unless avoided in bankruptcy, satisfied, or otherwise removed. When the homeowner later becomes a debtor in bankruptcy, the limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides. Although it may be that this problem is created by sloppy title work rather than the judicial lien itself, and even though non-bankrupt homestead holders suffer the same burden as those in bankruptcy, the fact remains that the Bankruptcy Code contains a specific provision designed to prevent debtors in bankruptcy from experiencing problems of this sort.

The Court recognizes that the result of this decision is that the judgment lien will not be enforceable against the property in the future should it lose, or when it loses, its homestead status. Under the line of cases that find Section 522(f) inapplicable in the circumstances, of course, the judgment creditor maintains the ability to enforce the lien in the future when and if the property loses its homestead status. It strikes this Court that enforcement of the judgment lien in the future is itself a kind of present impairment of the exemption. Thus, the

Court agrees with the District Court in *Bird, supra,* that "it behooves the Bankruptcy Court to grant full relief to the homestead property *at the time it became part of the estate.*" (Emphasis added). *Id.*

The parties have also cited and argued *In re Owen,* 86 B.R. 691 (M.D.Fla.1988). The Court finds that *Owen* is inapplicable, however, because it deals with the situation, not present here, that arises when the judgment lien attaches *before* the property acquires homestead status or when it attaches instantly upon the acquisition by the debtor of title to homestead property.

For the foregoing reasons, the motion of the debtors is granted. Accordingly, the judgment lien held by Union Savings Bank of Florida as a result of the amended final judgment described in stipulated fact No. 3 above is hereby avoided pursuant to 11 U.S.C. § 522(f).

DONE and ORDERED.