**In re Janice Claire WATSON, Debtor.**

**Bankruptcy No. 89–2795–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 27, 1990.

Edward P. Jackson, Jacksonville, Fla., for debtor.

Alan M. Weiss, Jacksonville, Fla., for creditor.

Gregory K. Crews, Jacksonville, Fla., trustee.

Lynne England, Tampa, Fla., Asst. U.S. Trustee.

MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon motion to avoid lien filed by the debtor pursu-

ant to 11 U.S.C. § 522(f)(1). Upon the evidence presented the Court enters the following Memorandum Opinion:

## FACTS

Debtor filed her petition under Chapter 7 of the Bankruptcy Code on September 18, 1989. In Schedule B–4 debtor listed real estate in St. Johns County as exempt homestead property pursuant to Article X of the Florida Constitution. Subsequently, she filed a motion to avoid the judgment lien of Prosperity Bank of St. Augustine ("Prosperity Bank") as to this property:

> Lot 26, Block 10, Unit One, St. Augustine Shores, according to map or plat thereof recorded in May, Book 11, pages 63 through 71, of the public records of St. Johns County, Florida.

Prosperity Bank responded to the motion asserting that case law holds that a judgment lien does not attach to homestead property as a matter of law, therefore avoidance is not an issue. This Court disagrees.

## LEGAL DISCUSSION

Article X, Section 4 of the Florida Constitution provides in relevant part:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ... the following property ...
>
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon ... upon which the exemption shall be limited to the residence of the owner....

11 U.S.C. § 522(f) provides in relevant part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled....

Thus, this Court is faced with the question of determining if the lien of Prosperity Bank impairs the debtor's exemption.

Bankruptcy courts in Florida are split on the question of the applicability of § 522(f) of the Bankruptcy Code to Florida homestead property.

Some courts have held that under Florida's constitutional homestead exemption law, a judicial lien occurring after property acquires homestead status is presently unenforceable against the property. It is reasoned that because the judicial lien does not impair the exemption, § 522(f) does not apply. *In re Jackson,* 86 B.R. 251, 252 (Bankr.N.D.Fla.1988); *In re Goodwin,* 82 B.R. 616, 617–18 (Bankr.S.D.Fla.1988).

However, an opposing view holds that the mere existence of the judgment lien impairs a debtor's Florida constitutional homestead exemption. *In re Calandriello,* 107 B.R. 374 (Bankr.M.D.Fla.1989); *In re Bird,* No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D.Fla. May 5, 1989), *reversing,* 84 B.R. 858 (Bankr.S.D.Fla.1988); *see In re Hutchinson,* 92 B.R. 950 (Bankr.M.D.Fla. 1988). These cases hold, therefore, that § 522(f) is available to avoid the lien.

*In re Calandriello, supra,* offers what this Court believes to be the correct analysis:

> As any Florida lawyer who practices real property law knows, practical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title companies generally treat such judgments as a cloud on title to the homestead unless avoided in bankruptcy, satisfied, or otherwise removed. When the homeowner later becomes a debtor in bankruptcy, the limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides. [T]he Bankruptcy Code contains a specific provision designed to prevent the debtors ... from experiencing problems of this sort.

*In re Calandriello* at 375.

The avoidance of the judgment lien may result in it being unenforceable should the property at a future time lose its homestead status. However, the Court concludes that any potential enforcement of a

judgment lien in the future is a present impairment of the exemption. *Id.*

## CONCLUSION

The Court will enter a separate order avoiding the lien of Prosperity Bank on the property pursuant to 11 U.S.C. § 522(f)(1).