**In re Thomas E. THORNTON and, Karen Stevens Thornton, Debtors.**

**Bankruptcy No. 94–4526–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 17, 1995.

Albert H. Mickler, Jacksonville, FL, for debtors.

Gordon P. Jones, Trustee, Jacksonville, FL.

Steven W. Connor and Jane S. Connor, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a Motion to Avoid Judicial Lien filed by the debtors. The debtors seek to avoid the judicial lien claimed by Steven W. Connor and Jane S. Connor (claimants) against the debtors' real property. After a hearing on March 29, 1995, the Court enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On July 1, 1983, debtors purchased the real property described below and occupied that property as their homestead:

Lot 37, Ardsley Terrace, according to plat thereof as recorded in Plat Book 22, page 30, current public records of Duval County, Florida; 4406 Worth Drive, East, in Jacksonville, Florida.

2. On March 7, 1994, claimants obtained a Final Judgment against debtor Thomas E. Thornton in the County Court for Clay County, Florida. The Final Judgment awarded claimants $5,830.50 with interest at twelve percent per annum and was recorded in the public records of Clay County, Florida, and Duval County, Florida.

3. Debtors filed for relief under Chapter 7 of the Bankruptcy Code on October 18, 1994. In their "Schedule C," debtors listed the property as exempt pursuant to the homestead exemption contained in Article X, Section 4 of the Florida Constitution.

4. Debtors filed a Motion to Avoid Judicial Lien on January 10, 1995, to avoid the claimants' lien against the debtors' real property.

## CONCLUSIONS OF LAW

The filing of debtors' petition for relief under Chapter 7 created a bankruptcy estate comprised of all their legal and equitable interests in property. 11 U.S.C. § 541. *See also In re Mackey,* 158 B.R. 509 (Bankr. M.D.Fla.1993), and *In re Brown,* 165 B.R. 512 (Bankr.M.D.Fla.1994). The Bankruptcy Code allows debtors to exempt certain property from the estate to protect that property from creditor claims. The exemptions allowed by federal law are contained in 11 U.S.C. § 522. Section 522(d), however, provides that states may opt out of the federal exemption scheme. Florida has opted out of the federal scheme and state law controls the exemptions available to Florida debtors. FLA.STAT. ch. 222.20 (1993).

Florida state law provides an exemption for a validly created and occupied homestead:

(a) There shall be exempt from forced sale under process of any court, and no judgment decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;

. . . .

F.S.A. Art. X § 4(a).

This Court has held that a homestead is created by "the actual intention to live permanently in a place coupled with actual use and occupancy," and that "[t]he homestead exemption should be liberally construed...." *In re Brown,* 165 B.R. 512, 514 (Bankr. M.D.Fla.1994). If real property is entitled to the homestead exemption, the Bankruptcy Code provides for the avoidance of any judicial liens against the property to the extent those liens impair the exemption. 11 U.S.C. § 522(f).

Section 522(f) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien....

11 U.S.C. § 522(f).

### A. Claimants' Lien is a Judicial Lien

■ The Bankruptcy Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). The Code further specifies that a judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding...." 11 U.S.C. § 101(36).

Claimants sued debtor Thomas E. Thornton for breach of contract and obtained a money judgment representing the value of

his performance obligation under that contract. That judgment created a lien against debtors' property when it was properly recorded. FLA.STAT. ch. 55.10 (1993).[1]

The Court finds that the lien obtained by the claimants is a judicial lien within the meaning of 11 U.S.C. § 522(f).

### B. Judicial Lien Impairs Debtors' Homestead Exemption

■ Bankruptcy courts have disagreed over the proper application of § 522(f) as it relates to the Florida homestead exemption. Some courts have held that a judicial lien which attaches after property acquires homestead status does not impair the exemption because the lien is presently unenforceable against the property. *In re Jackson*, 86 B.R. 251, 252 (Bankr.N.D.Fla.1988), and *In re Goodwin*, 82 B.R. 616 (Bankr.S.D.Fla.1988). Other courts, however, have held that "the mere existence of the judgment lien does impair a debtor's Florida constitutional homestead exemption." *In re Calandriello*, 107 B.R. 374, 375 (Bankr.M.D.Fla.1989), *order affirmed by* 174 B.R. 339 (M.D.Fla.1992).

This Court agrees with the line of cases which hold that "even if the judicial lien is not presently enforceable against the homestead property, its existence does impair the homestead exemption...." *Id.* In *In re Watson*, this Court held that "any potential enforcement of a judgment lien in the future is a present impairment of the exemption." 116 B.R. 837, 838–9 (Bankr.M.D.Fla.1990).

### C. Conclusion

The debtors purchased real property in 1983 and have maintained both occupancy and use of that property. Debtor Thomas E. Thornton was entitled to the Florida homestead exemption before the claimants obtained a judicial lien against the property. The possibility that claimants' lien could be enforced in the future impairs the exemption to which debtors are entitled. The Court, therefore, finds that the judicial lien of claimants Steven W. Conner and Jane S. Conner may be avoided pursuant to 11 U.S.C. § 522.

1. "(1) A judgment, order or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county...." FLA. STAT. ch. 55.10 (1993).

The Court will enter an order consistent with these findings of fact and conclusions of law.

### ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN

This case came before the Court upon a Motion to Avoid Judicial Lien pursuant to 11 U.S.C. § 522(f) filed by the debtors. Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. The motion is granted.

2. The judicial lien of Steven W. Connor and Jane S. Connor against the following real property shall be avoided pursuant to 11 U.S.C. § 522(f):

> Lot 37, Ardsley Terrace, according to plat thereof as recorded in Plat Book 22, page 30, current public records of Duval County, Florida; 4406 Worth Drive, East, in Jacksonville, Florida.