**In re Jack W. CANNON, Debtor.**

**Bankruptcy No. 98–35690–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Jan. 3, 2000.

154

David Marshall Brown, Fort Lauderdale, FL, for the debtor.

Bonnie Cannon, Lake Worth, FL, creditor, pro se.

*ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AVOID JUDICIAL LIEN IMPAIRING EXEMPT HOMESTEAD PROPERTY*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on for hearing on September 21, 1999, for consideration of the Debtor's Motion to Avoid Judicial Lien Impairing Exempt Homestead Property. The Debtor seeks to avoid, pursuant to 11 U.S.C. § 522(f), a lien imposed in favor of the Debtor's former wife in a Final Judgment of Dissolution of Marriage ("Dissolution Judgment") entered by the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court") on July 12, 1985. The Court finds that the debt secured by the subject lien is primarily in the nature of alimony, maintenance, or support of the Debtor's child and former spouse and may therefore be only partially avoided under Section 522(f).

In the Dissolution Judgment, the State Court found that the Debtor's net worth was approximately $300,000 while the Debtor's former spouse, Bonnie K. Cannon, had little or no assets. The court further found that at the time of dissolution, Bonnie Cannon was earning $4 an hour as a telephone receptionist and caring for the couple's minor child. The State Court ordered that the Debtor pay Ms. Cannon $600 per month in permanent periodic alimony and $450 per month in child support. Furthermore, the State Court required that the Debtor maintain a life insurance policy on his life with the child as beneficiary and that the Debtor pay certain educational, medical, and dental expenses. The Dissolution Judgment further provided, "As equitable distribution, the Husband shall pay to the Wife $35,000 on or before thirty days from the date of this Judgment and a further $55,000 on or before two years from the date of this Judgment." The court ordered that this

$90,000 debt would act as a lien against the Debtor's otherwise undivided interest in the marital residence.

 Under 11 U.S.C. § 522(f)(1)(A), a debtor may avoid the fixing of a lien that impairs an exemption if such lien is a judicial lien other than one securing a debt to a spouse, former spouse, or child of the debtor for alimony, maintenance, or support. However, Florida bankruptcy courts are split on the issue of whether Section 522(f) is applicable to Florida homestead property. Under Article X, Section 4 of the Florida Constitution, homestead property is exempt, with limited exceptions, from being encumbered by judgment liens. A judgment lien arising after property acquires homestead status is therefore unenforceable against the property as long as it retains such status. Accordingly, certain courts have held that a presently unenforceable judgment lien does not impair the homestead exemption and that Section 522(f) is therefore inapplicable. *See In re Jackson*, 86 B.R. 251, 252 (Bankr.N.D.Fla. 1988); *In re Goodwin*, 82 B.R. 616, 617–18 (Bankr.S.D.Fla.1988). Other courts have reached the opposite conclusion, reasoning that a judgment lien, even though presently unenforceable, impairs the homestead exemption by virtue of its very existence. *See In re Thornton*, 186 B.R. 155, 157 (Bankr.M.D.Fla.1995); *In re Watson*, 116 B.R. 837, 838 (Bankr.M.D.Fla.1990); *In re Calandriello*, 107 B.R. 374, 375–76 (Bankr. M.D.Fla.1989), *aff'd* 174 B.R. 339 (M.D.Fla.1992); *In re Bird*, No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D.Fla. May 5, 1989), *rev'g* 84 B.R. 858 (Bankr.S.D.Fla. 1988). In *Calandriello*, Judge Corcoran offered the following analysis, which the Court finds persuasive:

As any Florida lawyer who practices real property law knows, practical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title companies generally treat such judgments as a cloud on title to the homestead unless avoided in bankruptcy, satisfied, or otherwise removed. When the homeowner later becomes a debtor in bankruptcy, the limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides. Although it may be that this problem is created by sloppy title work rather than the judicial lien itself, and even though non-bankrupt homestead holders suffer the same burden as those in bankruptcy, the fact remains that the Bankruptcy Code contains a specific provision designed to prevent debtors in bankruptcy from experiencing problems of this sort.

*Calandriello*, 107 B.R. at 375.

 The Court agrees with the line of decisions holding that Section 522(f) is applicable to Florida homestead property. Thus, the remaining issue is whether the $90,000 lien imposed by the State Court secures a debt for alimony, maintenance, or support and, as such, is subject to avoidance by the Debtor under Section 522(f). The Debtor argues that the subject debt is not in the nature of alimony, maintenance, or support because the State Court labeled it an equitable distribution and addressed alimony and child support elsewhere in the Dissolution Judgment. However, in determining whether a debt is in the nature of alimony, maintenance, or support, a bankruptcy court must "look to the substance of the award rather than to the state law labels." *Stebbins v. Kiernan*, 105 B.R. 118, 120 (S.D.Fla.1989) (*citing Erspan v. Badgett*, 647 F.2d 550, 554 (5th Cir.1981)). As directed by Congress, "What constitutes alimony, maintenance or support will be determined under the bankruptcy laws, not state law." H.R.REP. No. 595, at 364 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6319. In making this determination, the bankruptcy court should limit its investigation to a simple inquiry regarding whether the debt is in the nature of a property settlement or a

support obligation. *See Harrell v. Sharp,* 754 F.2d 902, 906 (11th Cir.1985).

█ The Court finds that the debt secured by the $90,000 lien is primarily in the nature of a support obligation and not a property settlement. In the Dissolution Judgment, the State Court found that the Debtor was a successful engineer with a relatively high net worth while Bonnie Cannon had a tenth grade education, no job skills, and little or no assets. The court further found that Bonnie Cannon brought $25,000 into the marriage but was thereafter unemployed, though she would have commenced a career if she had not married the Debtor. In light of the gross disparity in the parties' respective earning abilities and of Bonnie Cannon's insubstantial monetary contribution to the marriage, it appears that the greater part of the $90,000 equitable distribution is best characterized as rehabilitative alimony. *See* § 61.08, Florida Statutes. The Court finds that only $25,000 of this amount, representing Bonnie Cannon's entire monetary contribution to the marriage, can properly be labeled a property settlement. Accordingly, only $25,000 of the $90,000 lien encumbering the Debtor's homestead may be avoided under Section 522(f).

For the foregoing reasons, it is hereby

ORDERED the Debtor's Motion to Avoid Judicial Lien Impairing Exempt Homestead Property is granted to the extent of $25,000; and it is further

ORDERED that the Motion to Avoid Judicial Lien Impairing Exempt Homestead Property is denied to the extent of $65,000. Bonnie Cannon shall continue to hold and maintain a lien against the Debtor's homestead securing repayment of $65,000.