**In re Carlos FELIZARDO, Debtor.**

**No. 99–18026–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

Nov. 7, 2000.

Peter Spindel, Miami, FL, for Raquel Rodriguez.

Michele De Bianchi, Coral Gables, FL, for debtor.

## ORDER DENYING DEBTOR'S MO- TION TO AVOID JUDGMENT LIEN OF RAQUEL RODRIGUEZ

ROBERT A. MARK, Chief Judge.

The debtor in this Chapter 7 case, Carlos Felizardo (the "Debtor"), seeks to avoid a charging lien held by his former attorney, Raquel Rodriguez ("Rodriguez"). In determining whether the charging lien may be avoided, the Court must consider whether, under § 522(f) of the Bankruptcy Code, an attorney's charging lien which has been reduced to judgment is a "judicial lien." After considering the arguments of counsel, the parties' briefs, and the relevant case law, the Court finds that a charging lien under Florida law does not constitute a "judicial lien" under the Bankruptcy Code. Therefore, § 522(f) does not apply, and Debtor's Motion to Avoid Judgment Lien of Raquel Rodriguez must be denied.

### Factual Background

On September 20, 1996, the Debtor entered into a retainer agreement with attorney Rodriguez, who was engaged to represent the Debtor in dissolution of marriage proceedings in the Circuit Court for Dade County, Florida (the "State Court Case"). Paragraph 4 of the agreement states: "In the event your bill remains unpaid following your discharge of our services or my withdrawal from your representation, you agree to the imposition of a charging lien for the full amount of all reasonable attorney's fees and costs." The agreement is signed by both the Debtor and Rodriguez.

Rodriguez represented the Debtor in the dissolution proceeding, which resulted in an equitable distribution agreement reached after mediation. Under the agreement, the Debtor acquired his former wife's interest in the marital home, 1717 North Bayshore Drive, Apt. # 2552, Miami, FL 33132 (the "North Bayshore Home").

The Debtor defaulted on payment of attorney's fees to Rodriguez, and Rodriguez filed a Notice and Claim of Attorney's Charging Lien on September 4, 1998 in the State Court Case. Rodriguez claimed a charging lien in the amount of $4,936.28 on all real and personal property of the Debtor, including the North Bayshore Home. The charging lien allegedly related back to September 6, 1996, the date that Rodriguez sent the retainer agreement to the Debtor.

On September 23, 1998, the State Court held a hearing on Rodriguez' Notice and Claim of Charging Lien. The Debtor appeared at the hearing and argued against the imposition of the charging lien. The Debtor's Affidavit, filed February 11, 2000 in this bankruptcy case, states:

> Ms. Rodriguez did not explain to me the significance of agreeing to a charging lien. She did not tell me that any such lien would attach to my homestead or other property. I would not have agreed to such lien. I attended a hearing on the issue of the charging lien before Judge Feder. I argued against the imposition of the lien, however I was not represented by counsel and I was unsuccessful.

The State Court Judge overruled the Debtor's objection and, on September 23, 1998, entered a Final Judgment of Charging Lien in the amount of $4,936.28. According to the Final Judgment, the charging lien "attaches to the positive fruits of Mrs. Rodriguez's efforts." Rodriguez properly recorded the judgment on September 29, 1998.

The Debtor filed his Voluntary Petition for Chapter 7 Relief in this Court on August 15, 1999 and scheduled the North Bayshore Home as his homestead. On October 25, 1999, the Debtor filed a Motion to Avoid Judgment Lien, seeking to avoid Rodriguez' recorded judgment lien against the Debtor's homestead.

The Court held a hearing on February 8, 2000, to consider the Debtor's Motion to Avoid Judgment Lien. After the hearing, the Court took the matter under advisement, to consider whether, under § 522(f)

of the Bankruptcy Code, an attorney's charging lien which has been reduced to judgment is a "judicial lien".

## Discussion

Under section 522(f) of the Bankruptcy Code, a Debtor may avoid certain liens. § 522(f) provides:

Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such a lien is

(1) a judicial lien....

Some authority exists for the proposition that, under Florida's broad homestead exemption, no judgment lien is effective against a debtor's homestead, and therefore, no judgment lien can "impair" a debtor's homestead exemption under § 522(f) of the Bankruptcy Code. *See In re Goodwin,* 82 B.R. 616, 617 (Bankr.S.D.Fla. 1988) ("In Florida, a judicial lien which is presently unenforceable against exempt real property does not impair the exemption").

However, the majority view is that judicial liens still impair a debtor's homestead and therefore may be avoided under § 522(f). *In re Cannon,* 243 B.R. 153 (Bankr.S.D.Fla.2000); *In re Lowe,* 250 B.R. 422, 425 (Bankr.M.D.Fla.2000); *In re Thornton,* 186 B.R. 155, 157 (Bankr. M.D.Fla.1995); *In re Watson,* 116 B.R. 837, 838 (Bankr.M.D.Fla.1990); *In re Calandriello,* 107 B.R. 374, 375–76 (Bankr. M.D.Fla.1989), *aff'd* 174 B.R. 339 (M.D.Fla.1992). This Court agrees that even an ineffective lien under Florida law clouds the title of the debtor's homestead and "impairs" the debtor's exemption for purposes of § 522(f). Thus, § 522(f) would apply, and the Debtor would be able to avoid Rodriguez' charging lien, if the lien is a "judicial lien".

§ 101(36) of the Bankruptcy Code defines a "judicial lien" as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." At first glance, it appears the Rodriguez' charging lien is a judicial lien and is thus avoidable based upon the Final Judgment of Charging Lien, entered by the State Court on September 23, 1998. Since the lien is evidenced by a court order, it seems to have been obtained in a legal or equitable proceeding under the definition in § 101(36).

However, the Court must look beyond the face of the judgment. The fact that the lien resulted in a judgment does not necessarily mean that the lien was created or "obtained" by a judgment. For example, mortgage liens are reduced to judgment as part of the state court foreclosure process in Florida, but mortgage liens cannot be avoided under § 522(f). "Before the lien may be avoided, prevailing law dictates inquiry into how the lien was created." *In re Rosen,* 34 B.R. 648, 649 (Bankr.E.D.Wis.1983).

Analysis of the nature of a charging lien under Florida law is necessary to determine whether a charging lien is a judicial lien under the Bankruptcy Code. "In Florida, a charging lien is an attorney's 'equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit.'" *In re Washington,* 238 B.R. 852, 855 (M.D.Fla.1999) (citing *Lochner v. Monaco, Cardillo & Keith, P.A.,* 551 So.2d 581, 583 (Fla. 2d DCA 1989)). The elements of a valid charging lien are: "1) an express or implied contract between attorney and client; 2) an express or implied understanding for payment of attorney's fees out of the recovery; 3) either an avoidance of payment or a dispute as to the amount of fees; and 4) timely notice." *Law Offices of David H. Zoberg, P.A. v. Rosen,* 684 So.2d 828, 829 (Fla. 3d DCA 1996) (citing *Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561 (Fla.1986)).

Under Florida law, "[t]here are no requirements for perfecting a charging

lien beyond timely notice." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1385 (Fla.1983). As the court explained in *Washington,* "unlike the typical judicial lienholder who does not have an interest in a specific piece of property before the occurrence of some judicial action, the attorney's charging lien attaches to the fruits of the legal representation without judicial action and relates back to the date that legal services commenced." 238 B.R. at 856.

 In the case before this Court, all of the elements of a valid charging lien have been met. There was a signed retainer agreement between the Debtor and Rodriguez, there was an agreement that Rodriguez' fees would come out of the recovery, there was a dispute as to payment of fees and Rodriguez filed a timely notice of charging lien. There is no requirement under Florida law that the client specifically consent to the imposition of a charging lien, nor is there any requirement of judicial action. *See Sinclair,* 428 So.2d at 1385.

Here, the State Court did enter a judgment overruling the Debtor's objection to Rodriguez' charging lien. However, Rodriguez' lien was not "obtained by judgment . . . or other legal or equitable . . . proceeding" under the definition of a judicial lien in 11 U.S.C. § 101(36). Rather, Rodriguez' lien was "obtained", or created, upon filing of the Notice and Claim of Attorney's Charging Lien and related back to the date of her legal services which was well before entry of the judgment on the charging lien. Since Rodriguez' charging lien under Florida law does not fit within the Bankruptcy Code definition of "judicial lien" under § 101(36), the Debtor may not avoid the lien under § 522(f). *See Washington,* 238 B.R. at 856.

Moreover, even if Rodriguez' charging lien were viewed as a judicial lien, the lien could still not be avoided under § 522(f). Prior to the dissolution, the Debtor and his wife owned the North Bayshore Home as tenants by the entireties. As a result of the equitable distribution, the Debtor acquired his wife's interest and became the owner of the property in fee simple. Since the charging lien relates back to a date prior to the Debtor obtaining fee simple ownership, the lien cannot be avoided. *Farrey v. Sanderfoot,* 500 U.S. 291, 299, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) (debtor cannot avoid judicial lien in real estate awarded in divorce decree absent showing that debtor held interest in property prior to fixing of lien). *See Washington,* 238 B.R. at 856, n. 2. In sum, Rodriguez' charging lien is unavoidable and the Debtor's Motion to Avoid Lien must be denied. Therefore, it is—

**ORDERED** that Debtor's Motion to Avoid Judgment Lien is **DENIED.**