**In re Judy Ann EPSTEIN, Debtor.**

**No. 02–35334–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

July 29, 2003.

Frederic J. DiSpigna, Esq., for Debtor.

Keith J. T. Grumer, for Henry C. Parke Corporation.

## ORDER DENYING MOTION TO AVOID JUDGMENT LIEN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on January 16, 2003 upon the Debtor's Motion to Avoid Judgment Lien ("Avoidance Motion") with regard to a pre-petition final judgment obtained by the Henry C. Parke Corporation Liquidating Trust ("Parke"). The judgment was entered in favor of Parke against the Debtor on December 19, 1989 by the Supreme Court of the State of New York, County of Nassau, for the amount of $870,458.67. Thereafter, the judgment was domesticated in the State of Florida and a certified copy of the judgment was recorded in the Public Records for Palm Beach County, Florida on December 2, 1994. By way of her motion, the Debtor asserts that the recording of a certified copy of Parke's judgment impairs the Debtor's homestead exemption and constitutes a cloud upon the title to the Debtor's homestead, and that Parke's judgment lien should be voided pursuant to 11 U.S.C. § 522(f), Bankruptcy Rule 4003(d) and Local Rule 4003-2. The Court having carefully considered the motion together with the record and argument of counsel, concludes that Parke's judgment lien **does not impair** the Debtor's homestead exemption and **cannot be avoided** under § 522(f)(1)(A).

On September 25, 2002, this case was commenced with the Debtor's filing of her voluntary chapter 7 petition. On September 30, 2002, the Debtor filed her Avoidance Motion, claiming that the recording of a certified copy of the judgment created a cloud upon the title to the Debtor's homestead, located at 3949 N.W. 52nd Street, Boca Raton, Florida, thereby impairing an exemption to which the Debtor was entitled. Parke timely objected to the Debtor's Avoidance Motion, asserting that there is no impairment of any purported exemption, pursuant to the authority of *Cannon v. Cannon*, 254 B.R. 773 (S.D.Fla. 2000) [1].

Florida is one of a handful of states which has "opted out" of the federal scheme of exemptions and instead chosen to retain its own statutory exemption provisions. 11 U.S.C. § 522(b) and Fla. Stat.

[1]. Parke also contended in its Objection to Motion to Avoid Judgment Lien, that the Debtor did not occupy the subject premises with an actual intent to permanently reside on the premises. However, this contention was not argued during the hearing on the Avoidance Motion.

§ 222.20. Thus, the $17,425.00 federal limit on the dollar amount of the exemption as to real property or personal property which a debtor uses as a residence does not apply to Florida residents. *See* 11 *U.S.C.* § *522(d)(1).* Instead, a debtor who qualifies to exempt his or her homestead may claim an unlimited exemption, in value, provided that the real property is used as the debtor's permanent residence, and provided further that the real property does not exceed one-half acre of contiguous real property if situated within a municipality, or 160 acres of contiguous real property if located outside of a municipality[2].

*Sub judice,* the Debtor valued her homestead at $705,000, subject to a first mortgage of $365,000, a charging lien for attorney's fees relating to her divorce of $22,333, and a homeowner's association lien of $3,836. Thus, the Debtor claims the equity in her home, equal to approximately $374,000, is exempt and asserts that the judgment lien ostensibly created by the recording of Parke's judgment[3] is voidable pursuant to § 522(f) of the Bankruptcy Code. Notwithstanding the heretofore common practice by this Court of routinely granting such motions to avoid judicial liens, this Court concludes that such a practice is improper as it relates to Florida homestead property[4].

The facts of the instant dispute are indistinguishable from those presented in the case of *Cannon v. Cannon,* 254 B.R. 773 (S.D.Fla.2000). In *Cannon,* the debtor sought to avoid a judgment lien against his homestead ostensibly created by the recording of a judgment in the public records for Palm Beach County, Florida, the locale of the debtor's residence. The debtor had acquired his residence, and established the property as his homestead, prior to his marriage to his wife. The property was owned solely by the debtor. The Palm Beach County State Court hearing the divorce proceeding, in its final decree, awarded the debtor's wife an equitable distribution of $35,000 and an additional sum of $55,000 to be paid on or before two years from the date of the final divorce decree.

As a consequence of the debtor's failure to pay the $90,000 awarded in favor of his ex-wife, a final judgment was entered against him and a certified copy recorded in the public records for Palm Beach County, arguably creating a lien against the property. The Bankruptcy Court, in an opinion by the undersigned judge, determined that the debtor's homestead was encumbered by the ex-wife's final judgment only to the extent of $25,000, representing the amount of funds which the ex-wife brought into the marriage, and thus, that only $25,000 of the $90,000 "lien" encumbering the debtor's homestead could be avoided under § 522(f). *In re Cannon,* 243 B.R. 153 (Bankr.S.D.Fla.2000).

On appeal, the District Court reversed this Court's ruling and concluded that 11 U.S.C. § 522(f)(1)(A) could not be used to avoid Ms. Cannon's lien. *Cannon v. Cannon,* 254 B.R. 773 (S.D.Fla.2000). United States District Court Judge Jordan noted that "[t]he critical questions, then, are whether the lien 'fixes' a liability on the residence and whether the

---

2. Article X Section 4(a), Florida Constitution.

3. Florida Statutes § 55.10 provides that the recording of a certified copy of a judgment creates a lien against all real property owned by a judgment debtor in the county in which the real property is situated.

4. The undersigned judge reaches this conclusion despite the apparently clear authorization to file such motions under Local Rule 9013–(D)(3)(f).

lien 'impairs' Mr. Cannon's homestead exemption." *Id.* at 777. Focusing upon the specific language of Article 10, § 4(a)(1) of the Florida Constitution[5], Judge Jordan determined that the language precluded a typical judgment for indebtedness, like Ms. Cannon's final judgment,from becoming a lien on homestead property—that Ms. Cannon's lien did not "fix" against Mr. Cannon's homestead, and therefore could not be avoided under § 522(f)(1)(A). *Id.* at 778. Judge Jordan further concluded, citing *In re Goodwin,* 82 B.R. 616 (Bankr. S.D.Fla.1988), that a judgment lien does not impair a debtor's exempt property.

> The lien does not affect Mr. Cannon's ability to claim the residence as exempt property, has no legal effect with respect to Mr. Cannon's homestead property, does not cloud Mr. Cannon's title, and cannot be enforced against anyone when Mr. Cannon sells the residence (so long as Mr. Cannon uses the proceeds to purchase another homestead).

*Id.* at 779. This approach is consistent with the position taken in *Goodwin,* wherein Judge Britton noted:

> The proper application of § 522(f)(1) involves situations where the debtor claims either the federal exemptions or particular state exemptions for real property in which the dollar amount is limited and which do not by their express terms exempt property from forced sale or execution under a valid lien. In such situations, the liens unless avoided would, in fact, impair such ex-

emptions, and could be enforced under § 522(c)(2).

■ This Court suspects that the issuance of this opinion may cause a significant departure from pre-existing local practice and may create a hardship for debtors with cases pending before the undersigned judge[6]. However, this Court considers itself duty-bound by the published court opinions rendered by judges of the United States District Court for the Southern District of Florida. *See In re Shunnarah,* 273 B.R. 671 (M.D.Fla.2001). Accordingly, it is

**ORDERED** that the Debtor's Motion to Avoid Judicial Lien with regard to the alleged lien of the Henry C. Parke Corporation Liquidating Trust is **denied**.

---

5. Article 10, § 4(a)(1) provides that the homestead property "shall be exempt from forced sale under process of any court and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement, or repair thereof, or obligations contracted for...labor performed on the realty..."

6. Debtors seeking to remove clouds upon title to homestead property would still be able to avail themselves of the relief potentially afforded under Florida Statutes § 55.145.