**In re Gale RAGAN, Debtor.**

**No. 01–33296–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

July 10, 2001.

Brian K. McMahon, Boca Raton, FL, for debtor.

Michael J. Scaglione, Miami, FL, for South Florida Education Federal Credit Union.

Robin Weiner, Fort Lauderdale, FL, trustee.

## ORDER OVERRULING MOTION FOR TURNOVER OF VEHICLE

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 5, 2001, upon the Debtor's Emergency Motion for Turnover of Vehicle. The Debtor contends that, notwithstanding the repossession of her vehicle prior to the commencement of this case, she retains title to the vehicle, and as such, is entitled to immediate possession. Respondent South Florida Education Federal Credit Union ("FCU") responds by asserting that, based upon the authority of *Charles R. Hall Motors, Inc. v. Lewis* (*In re Lewis*), 137 F.3d 1280 (11th Cir.1998) and *Bell–Tel Fed. Credit Union v. Kalter* (*In re Kalter*), 257 B.R. 93 (M.D.Fla.2000), the action by a secured creditor of repossessing a motor vehicle divests the vehicle owner of legal title to the motor vehicle, leaving the debtor with only a right of redemption in the motor vehicle. For the reasons set forth below, this Court denies the Debtor's motion for turnover of vehicle.

## BACKGROUND.

This case was commenced on June 20, 2001 with the Debtor's filing of her voluntary chapter 13 petition. Shortly thereafter, the Debtor filed the instant motion, seeking turnover from FCU of her 1998 BMW 318 I automobile, which vehicle was repossessed by FCU prior to the petition date. At the July 5th hearing on the Debtor's motion, she contended that she should be entitled to re-take immediate possession of the vehicle, and that she should be allowed to make monthly payments to FCU on the vehicle, as allowed under 11 U.S.C. § 1322(b)(2) and (3), over the term of her chapter 13 plan. By doing so, the Debtor would adequately protect FCU's interest in the vehicle, as required by 11 U.S.C. § 361, and she would cure the delinquency due under the terms of the installment sales agreement between the Debtor and FCU over the course of the chapter 13 plan.

## DISCUSSION

Prior to the issuance by the Eleventh Circuit of its opinion in *Lewis* and the finding in *Kalter* that the *Lewis* opinion applies to Florida cases, the bankruptcy courts of this state have consistently held that a debtor, whose motor vehicle has been repossessed but not sold or otherwise disposed of prior to the filing of a bankruptcy petition, retains title to the motor vehicle as of the petition date and, thus, is entitled to re-acquire possession of the motor vehicle. *See, e.g., In re Ratliff,* 260 B.R. 526 (Bankr.M.D.Fla.2000); *In re Chiodo,* 250 B.R. 407 (Bankr.M.D.Fla. 2000); *In re Iferd,* 225 B.R. 501 (Bankr. N.D.Fla.1998). One example can be found in the well-reasoned opinion in the case of *In re Chiodo.* In that case, the Bankruptcy Court for the Middle District of Florida recognized the Supreme Court's observation that, even though 11 U.S.C. § 521 contains a broad definition as to what constitutes property of a bankruptcy estate, property in which the debtor maintains only a minor interest, such as property held in trust for another person, is excluded. *See In re Chiodo,* 250 B.R. at 409 (citing *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, n. 10, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)). The court also took note of the fact that Florida has enacted special legislation addressing ownership, title, and transfer of repossessed motor vehicles, as provided in Florida Statutes Section

319.22. *See Chiodo,* 250 B.R. at 410. This statutory section delineates the process by which a certificate of title to a repossessed vehicle is obtained, and explicitly provides that:

> ... a person acquiring a motor vehicle ... shall not acquire marketable title to the motor vehicle ... until he or she has had issued to him or her a certificate of title to the motor vehicle.... Except as otherwise provided herein, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle ...sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter.

FLA. STAT. 319.22, *cited in Chiodo,* 250 B.R. at 410.

Based on this statute, the court determined that, when an automobile is repossessed pre-petition, a debtor retains title and a claim for ownership until a new certificate of title is issued in the name of the repossessing creditor or the new purchaser. *See Chiodo,* 250 B.R. at 411. Finding that the rights retained by the debtor were substantial and constitute an ownership interest that is much more than minor, the court held that the debtor was entitled to regain possession of the automobile and make payments to the creditor under the chapter 13 plan. *See id.* at 412.

The *Chiodo* opinion, however, was entered prior to the decision of the District Court for the Middle District of Florida in the case of *In re Kalter,* applying the Eleventh Circuit's opinion in *Lewis* to Florida cases. Upon careful consideration of the Eleventh Circuit's ruling in *Lewis,* in conjunction with the ruling in *Kalter,* this Court concludes that, under Florida law, pre-petition repossession of a motor vehicle by a secured creditor divests the debtor of all rights and interest in such vehicle, with the exception of a right of redemption. This determination is based upon the *Lewis* opinion, holding that a debtor does not retain title to a repossessed vehicle when a secured creditor successfully effectuates a repossession of the motor vehicle pre-petition. The *Lewis* case presents a factual scenario virtually identical to that presented *sub judice,* in that a defaulting debtor whose vehicle had been repossessed pre-petition sought to recover possession of the vehicle post-petition. *See In re Lewis,* 137 F.3d at 1281. The bankruptcy court in *Lewis* found in favor of the debtor, determining that under Alabama law, the debtor retained both title and a right of redemption in the repossessed automobile. *See id.* at 1282. The District Court reversed, ruling that the debtor retained only a right of redemption in the repossessed automobile, and that as such, the automobile did not constitute property of the chapter 13 bankruptcy estate. *See id.* In affirming the District Court ruling, the Eleventh Circuit noted that the nature and existence of a debtor's right to property is determined by looking to state law. *See id.* at 1283. The Eleventh Circuit further observed that under Alabama's version of Article 9 of the Uniform Commercial Code, the debtor "did not retain title, possession or any other functionally equivalent ownership interest in the repossessed automobile....[but rather, merely] retained a right of redemption pursuant to Ala.Code § 7–9–506." *In re Lewis,* 137 F.3d at 1284. The Eleventh Circuit concluded that the any right to claim possession and ownership of the automobile, short of the debtor's right of redemption, was lost when the secured creditor took possession, and thus, the debtor had insufficient interest in the vehicle to render it property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) or subject it to turnover under 11 U.S.C. § 542(a). *See id.* at 1285.

The District Court for the Middle District of Florida in *Kalter* found that the law enunciated in the *Lewis* decision is applicable to interpretation of Florida law. *See In re Kalter,* 257 B.R. at 96. In so ruling, the District Court found particular support in the language of Florida Statute § 319.28(1)(b) referring to the party from whom the vehicle has been repossessed as the "former owner." *See id.* The court concluded that under Florida Statute § 319.28, the act of repossession causes ownership of a motor vehicle to pass, regardless of the fact that formal title to the vehicle is not transferred pursuant to Florida Statutes §§ 319.22, .23, or.28. *See id.* at 97. In light of the *Lewis* and *Kalter* decisions, this Court is constrained to rule that the instant Debtor may not regain possession of the 1998 BMW automobile, unless she redeems the vehicle under Florida Statutes § 679.506. Accordingly, it is hereby

**ORDERED** that the Debtor's Emergency Motion for Turnover of Vehicle is **denied.**