In re Farid E. SHUNNARAH, Deanna A. Shunnarah, Debtors.

Health Services Credit Union, Appellant/Petitioner,

v.

Farid E. Shunnarah, Deanna A. Shunnarah, Appellees/Respondents.

No. 3:01–CV–989–J–20.
Bankruptcy No. 01–05524–3P3.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 6, 2001.

Charles Walker McBurney, Jr., Fischette, Owen, Held & McBurney, Jacksonville, FL, H. Michael Muniz, Trimmier Law Firm, Boca Raton, FL, for appellant.

Jennifer Lynne Blair, William B. Johnson, Johnson & King, P.A., Jacksonville, FL, David Julian Pinkston, Pinkston, Cohen & Pinkston, P.A., Jacksonville, FL, for appellees.

## EMERGENCY ORDER

SCHLESINGER, District Judge.

Before the Court is Creditor/Appellant's Emergency Motion for Stay of Order and Suspension of Other Proceedings in the Case (Doc. No. 2, filed on August 28, 2001), requesting this Court to enter a stay of the Bankruptcy Court's Order entered on August 16, 2001, Granting Debtors' Motion to Compel Turnover of Collateral, Imposing Sanctions Against Creditor for Debtors' Attorney's Fees, Denying Creditor's Motion for Sanctions Against Debtors' Attorney, Denying Debtors' Motion for Sanctions Against Creditor's Attorney, and Denying Creditor's Motion to Strike Debtor's Amended Motion to Compel Turnover, as well as a suspension of other proceedings in the case, and such other relief as is just and proper. Having heard oral argument by counsel for both parties on the issues, this Court makes the following conclusions.

First, the Bankruptcy Court's ruling must be vacated on its merits. This Court agrees with the opinion of the Middle District Court Judge Fawsett in *Tooke v. Sunshine Trust Mortgage Trust,* 149 B.R. 687 (M.D.Fla.1992) that Rule 8005 is the applicable standard to obtain a stay pending an appeal from a bankruptcy court.

■ This Court finds that the Bankruptcy Court improperly applied the standard provided in Rule 8005. Such Rule provides four elements that a movant must clearly establish in order to obtain a stay pending an appeal from a Bankruptcy Court, which are: (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest. *Id.; Tooke,* 149 B.R. at 689.

■ Here, the Bankruptcy Court improperly balanced elements (ii) and (iii), and decided that the *debtor* "will suffer irreparable harm that is in excess of the harm that will be caused to the respondent." (Trans. at 29.) Instead, the court should have considered whether the *creditor* "will suffer *irreparable* " harm if a stay is not granted and whether the *debtor* "will suffer no *substantial* harm" if the stay is granted. Using the *de novo* standard of review for an appeal with respect to issues of law of a bankruptcy matter, this Court finds that Rule 8005 was improperly applied. *In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991)(setting standard of appeal for issues of law). Accordingly, the Bankruptcy Court's misapplication of Rule 8005 leading to its ruling in favor of the debtor must be vacated.

■ In addition, notwithstanding this Court's own opinion as stated above, this Court further finds that the Bankruptcy Court improperly believes that it is not bound by *stare decisis* to follow the decision of a single district judge in a multi-judge district. Because a bankruptcy court is an Article I court, and appeals from such court are taken to the Article III courts, which have reversal power over the bankruptcy courts, this Court agrees with the reasoning in *In re Phipps,* 217 B.R. 427 (Bankr.W.D.N.Y.1998) that bankruptcy courts are "inferior" courts for purposes of *stare decisis.* Therefore, the Bankruptcy Court in this case is bound by

a rendered published District Court opinion, unless an opinion that contains a different holding is published. *Id.* Consequently, the Bankruptcy Court is bound by *Tooke*, 149 B.R. 687, which correctly applies the standard set forth in Rule 8005. Therefore, it is

**ORDERED AND ADJUDGED** that

A. The Creditor/Appellant's Emergency Motion for Stay of Order and Suspension of Other Proceedings in the Case (Doc. No. 2, filed on August 28, 2001) is **GRANTED.**

B. That the Bankruptcy Order entered on August 16, 2001 is **VACATED.**

C. That the Debtor should be ordered to return possession of the 1992 Ford Explorer to the Creditor immediately.

D. That any monies paid according to the fine of $200.00 a day imposed by the Bankruptcy Court should, likewise, be immediately ordered returned.

E. This case is remanded back to the Bankruptcy Court for further proceedings consistent with this Order.