In re Bruce Edward **FOX** and Karin Miller Fox, Debtors.

No. 02–00966–3P3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 6, 2002.

J. Herbert Williams, Ocala, FL, for debtors.

Mamie L. Davis, Jacksonville, FL, trustee.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Debtors' Motion for Release of Property of the Estate, Motion for Sanctions against Auto Save of Marion County Inc. (Autosave), and Motion for Temporary Injunctive Relief. After a hearing held on February 21, 2002 and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### *FINDINGS OF FACT*

1. Autosave holds a security interest in Debtors' 1992 Pontiac Transport.

2. On January 25, 2002, Autosave repossessed the vehicle as a result of Debtors' default in payments.

3. On February 4, 2002, Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

4. On February 4, 2002, after the filing of the petition, Herbert Williams, (Debtors' Attorney) contacted Autosave. Debtors' Attorney advised a company representative that Debtors had filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code and requested the return of the vehicle.

5. After several more requests by Debtors' Attorney over the 24 hours, Autosave's representative told Debtors' Attor-

ney that Autosave did not intend to return the vehicle.

6. On February 7, 2002, Debtors filed a Motion for Release of Property of the Estate, Motion for Sanctions against Autosave and Motion for Temporary Injunctive Relief.

7. Debtor Mr. Fox requires the vehicle for transportation as part of his employment as a salesperson. Mr. Fox was required to use a friend's vehicle after the repossession. Mr. Fox agreed to reimburse his friend for the 1,400 miles he traveled at thirteen cents per mile ($182.00) because the vehicle was leased and past its mileage allotment.

### CONCLUSIONS OF LAW

■ The automatic stay operates to enjoin a creditor from attempting to possess or to exercise control over property of a bankruptcy estate once a petition has been filed. 11 U.S.C. Section 362 (1998). Section 541 of the Bankruptcy Code provides that the bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held." 11 U.S.C. § 541(a)(1).

■ The question of whether a debtor's interest in property is property of the estate is a federal question, but the "nature and existence of the debtors' right to property is determined by looking at state law." *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir.1989).

Until recently, Florida bankruptcy courts have consistently held that a debtor, whose automobile has been repossessed but not sold prior to the filing of a bankruptcy petition, retains title and is entitled to re-aquire possession of the automobile. *In re Ragan*, 264 B.R. 776, 777 (Bankr. S.D.Fla.2001).

The Eleventh Circuit and a District Court in the Middle District of Florida have disagreed with this line of cases in two factually similar situations. In both cases a defaulting debtor whose vehicle had been repossessed pre-petition sought to recover possession of the vehicle post-petition. First, in *Lewis*, the Eleventh Circuit held that under Alabama law upon repossession the bankruptcy estate retained the debtor's right to redeem the vehicle, but otherwise ownership and possessory interest in the automobile vests in the creditor at the time of repossession. *Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280 (11th Cir.1998).

Next, a District Court held that *Lewis* applies in Florida. *Bell–Tel Credit Union v. Kalter (In re Kalter)*, 257 B.R. 93, 96 (M.D.Fla.2000). In *Kalter*, the District Court held that the vehicle was not part of the debtor's estate on the date of the filing of the bankruptcy petition. *Id.*

In the instant case, Debtors argue that *Kalter* is not controlling because this Court has issued an opinion disagreeing with that case. *In re Shunnarah*, 268 B.R. 657 (Bankr.M.D.Fla.2001). In *Shunnarah*, this Court found it was not bound under *stare decisis* to the *Kalter* decision and distinguished *Lewis* because it applied Alabama law.

However, the *Shunnarah* decision has been successfully appealed. *In re Shunnarah*, 273 B.R. 671 (M.D.Fla.2001). On appeal, the district court held that this Court is bound to follow the decision of a single district judge in a multi-judge district. *Id.* at 672. Thus, this Court is bound by the District Court's decision in *Kalter*, and must deny Debtors' motions.

Accordingly, the Court **DENIES** Debtors' Motion for Release of Property of the Estate, Motion for Sanctions against Auto Save of Marion County Inc. (Autosave),

and Motion for Temporary Injunctive Relief. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.